The AKRON COMPANY dba Brown Derby North Randall, Inc., Plaintiff,

v.

FIDELITY GENERAL INSURANCE COMPANY and General Adjustment Bureau, Inc., Defendants.

Civ. A. No. C 63–1002.

United States District Court
N. D. Ohio, E. D.
May 11, 1964.

Hinton, Konstand & Landi, James M. Hinton, Akron, Ohio, of counsel, for plaintiff.

Clausen, Hirsh, Miller & Gorman, John P. Gorman, Chicago, Ill., and Squire, Sanders & Dempsey, Andrew S. Dempsey, Cleveland, Ohio, of counsel, for defendants.

GREEN, District Judge.

This action was brought by plaintiff to recover upon a policy of insurance issued by defendant Fidelity General Insurance Company, hereinafter referred to as Fidelity.

In the first cause of action recovery is sought for an alleged fire loss in the amount of $39,528.86 against defendant Fidelity and defendant General Adjustment Bureau, Inc., hereinafter referred to as General.

In the second cause of action recovery is sought in the amount of $250,000 against defendant Fidelity alone, as a result of loss resulting directly from necessary interruption of plaintiff's business caused by damage to or destruction of real or personal property. It is alleged by plaintiff that the policy of insurance issued by Fidelity insured plaintiff for business interruption.

Both parties defendant have moved to dismiss the complaint.

Defendant Fidelity has moved to quash the service of summons and dismiss the complaint for lack of jurisdiction.

Defendant General has moved to dismiss the complaint for failure to state a claim upon which relief can be granted.

Affidavits have been submitted by the parties, as a result of which the essential facts are basically settled. The dispute here is primarily one concerning questions of law and interpretation of certain Ohio statutes.

The facts relevant to the resolution of these motions, as established by the affidavits and allegations of the complaint, which are taken as admitted for the purpose of these motions, may be stated as follows:

Plaintiff operated a restaurant in North Randall, Ohio. Through its insurance agent it procured the insurance policy here sued upon from defendant Fidelity. Fidelity is an Illinois corporation, not authorized to do business in the State of Ohio.

Procurement of the policy in question was had by plaintiff's insurance agent through International Excess Agency, Inc. International is a Surplus Lines broker, licensed pursuant to the Ohio Surplus Lines Law, Ohio Rev.Code § 3905.30. There are no ties, financial or otherwise, between Fidelity and International.

There does not appear to be any dispute concerning the regularity or propriety of the execution or issuance of the policy under the statutory law of Ohio.

On May 15, 1963 a fire occurred upon plaintiff's premises, as a result of which the restaurant and its contents were damaged or destroyed. Plaintiff notified defendant Fidelity of the fire and resulting loss, and plaintiff alleges that it has performed according to the provisions and conditions of the said policy.

Upon notification of the alleged loss Fidelity employed defendant General to adjust, evaluate and determine, and arrange payment for said loss. Defendant General is alleged to be a corporation engaged in the business of insurance claim adjustment in the City of Akron, Summit County and State of Ohio, with an office and agency in Cleveland, Ohio.

General determined plaintiff's loss to be $39,528.85 for property damage, and prepared a proof of loss in that amount, which plaintiff executed. General was to forward the proof of loss to the offices of Fidelity, and secure payment within sixty days thereafter.

To this date no payment has been made to plaintiff for the fire loss.

It is further alleged by plaintiff, in support of its second cause of action, that defendant Fidelity has refused to perform its obligations with regard to the insurance for business interruption, provided for under the said policy.

Taking first the motion of defendant Fidelity, it is argued that service of summons should be quashed and the action dismissed for lack of jurisdiction over the defendant.

Service was originally had upon an officer of International Excess, and thereafter upon the Ohio Superintendent of Insurance pursuant to O.R.C. § 3901.17 (B).

It is argued by the defendant that the policy in suit was issued pursuant to the Ohio Surplus Lines Law, O.R.C. § 3905.30 et seq., and that the said law does not contemplate or permit the exercise of jurisdiction by a court within Ohio over a non-admitted insurance company.

Plaintiff counters with the argument that as defendant is a non-authorized insurance company it is subject to jurisdiction pursuant to O.R.C. § 3901.17.

Section 3901.17 of the Ohio Code, in pertinent part, provides:

"(A) Any of the following acts in this state, effected by mail or otherwise, by any foreign or alien insurer not authorized to transact business within this state is equivalent to an appointment by such insurer of the superintendent of insurance and his successors in office, to be its true and lawful attorney, upon whom may be served all lawful process in any action, suit, or proceeding instituted against it by or on behalf of an insured or beneficiary arising out of any such contract of insurance:

"(1) The issuance or delivery of contracts of insurance to residents of this state or to corporations authorized to do business therein."

It would seem clear on the face of this statute that defendant Fidelity is subject to the exercise of jurisdiction within this state. Fidelity undeniably issued and delivered a contract of insurance to a corporation authorized to do business in Ohio.

The question remains whether an exemption from jurisdiction is afforded Fidelity by the Ohio Surplus Lines Law, O.R.C. § 3905.30 et seq.

Section 3905.30 of the Ohio Revised Code is entitled "Surplus line broker's license." This section sets forth the general licensing procedures and qualifications for obtaining such a license, and provides, in pertinent part:

" * * * Such license, which shall be known as a surplus line broker's license, shall permit the person named therein to negotiate for and obtain insurance, other than life insurance, on property or persons in this state *in insurers not authorized to transact business in this state.*" (Emphasis added).

Section 3905.31 is entitled "Prohibition." Under its terms, a person not licensed under § 3905.30 is prohibited from doing certain acts on behalf of "any unauthorized insurance company."

Section 3905.32 provides for the fee chargeable for such an application.

Section 3905.33 is entitled "Affidavit filed." This code provision sets forth the

procedure required of a licensed surplus lines broker in placing insurance "in such unauthorized insurers," and outlines the requirements for a valid placement of such insurance.

From this brief review of the components of the Ohio Surplus Lines Law it can be seen that there is no stated exemption from the exercise of jurisdiction by courts in Ohio extended to foreign insurers issuing policies of insurance through a licensed surplus lines broker.

The argument advanced by defendant Fidelity is that the issuance of the policy in suit was authorized under the Surplus Lines Law, and that O.R.C. § 3901.17 applies only where the insurance company's activities are unauthorized. It is contended that:

> The Ohio Unauthorized Insurers Process Act [O.R.C. § 3901.17] stands only as a legislative determination by the State of Ohio to subject to the jurisdiction of the courts of this state those corporations which seek to sell insurance in Ohio contrary to state statute and regulations.

The Court does not agree with defendant Fidelity's interpretation of the effect and relationship of these statutory provisions.

Section 3901.17 does not refer to insurance companies which are attempting to operate beyond the reach and control of the Ohio authorities for purposes of evasion. There is no legislative history to indicate that the legislature enacted the statute with a view to a scope any more restrictive than that which is reflected from the language of the code provision itself. On its face the statute encompasses all foreign or alien insurers not authorized to transact business within Ohio.

■■ The Surplus Lines Law, O.R.C. § 3905.30 et seq., in the Court's opinion, does not transform an unauthorized insurance company into an authorized insurance company. The entire scheme of the Surplus Lines Law is the licensing and regulation of Ohio residents who are

permitted to procure insurance from an unauthorized insurance company. The statutory scheme gives validity to the policy so obtained, and does not, by its terms, alter the status of the issuing company. There is no legislative history to indicate that the Surplus Lines Law was intended to create immunity from the application of O.R.C. § 3901.17 for foreign unauthorized insurance companies issuing insurance policies through a broker licensed pursuant to O.R.C. § 3905.30.

It is the opinion of this Court that O.R.C. § 3901.17 was enacted for the benefit of citizens of Ohio, who desire, or are required by the circumstances, to deal with insurance companies not authorized to do business in Ohio, by providing recourse to the courts of Ohio if disputes arise under or concerning the said insurance policies. In the absence of such a provision residents of Ohio could well be required to litigate their claims in far-flung corners of the nation, or in foreign countries, at great expense and inconvenience.

■■■ It is the opinion of this Court that unauthorized insurance companies who sell insurance policies to residents of Ohio on Ohio properties subject themselves to the jurisdiction of Ohio courts. This Court believes that the activities of defendant Fidelity come within the ambit of O.R.C. § 3901.17, and will deny defendant Fidelity's motion for dismissal of the complaint.

As to defendant General, a different question is presented. Here no controverted question of law is in issue. It is, rather, a question of the sufficiency of the complaint in light of the controlling law.

Both plaintiff and defendant General are agreed that an agent is not personally liable for contracts made or agreements entered into on behalf of a known principal.

Defendant General contends that under the foregoing legal principle it is entitled to a dismissal of the complaint as to it.

Plaintiff argues that the first cause of action alleges a promise by defendant General to pay plaintiff and contends that the first cause of action alleges a contract between plaintiff and General.

The relevant portions of plaintiff's complaint are as follows:

" * * * FIDELITY GENERAL INSURANCE COMPANY, employed GENERAL ADJUSTMENT BUREAU, INC. to adjust, evaluate and determine *and arrange payment* for said loss and that the GENERAL ADJUSTMENT, BUREAU, INC. represented to the plaintiff that it had such authority and adjusted and determined said loss of plaintiff in the amount of THIRTY NINE THOUSAND FIVE HUNDRED TWENTY EIGHT and 86/100 DOLLARS ($39,528.86) prepared a proof of loss for the same, which plaintiff executed as requested by the defendant, GENERAL ADJUSTMENT BUREAU, INC., and that the defendant, GENERAL ADJUSTMENT BUREAU, INC, represented that *it would forward the same* to the defendant, FIDELITY GENERAL INSURANCE COMPANY, *and secure payment* to the plaintiff of said sum within sixty (60) days thereafter." (Emphasis added).

It is the Court's opinion that, even most favorably construed in favor of the plaintiff, these allegations do not set forth a promise to pay by defendant General or a contract between General and plaintiff. The language "arrange payment," "forward" the proof of loss, and "secure payment" from the principal, read in the light of the obvious principal-agent relationship, show nothing more than the performance of the assigned duties of the agent in adjusting the plaintiff's claim.

There is another reason why the complaint must be dismissed as to defendant General.

The plaintiff is alleged to be a citizen of Ohio. From the face of the complaint it appears that defendant General is likewise a citizen of the State of Ohio. Consequently, there is no diversity of citizenship as between these parties, and that is the only ground upon which jurisdiction of this Court could be predicated in this action.

Motion of defendant Fidelity to dismiss the complaint, denied. Motion of defendant General to dismiss the complaint as to it, granted.