The **AKRON COMPANY** dba **Brown Derby North Randall, Inc.,** Plaintiff,

v.

**FIDELITY GENERAL INSURANCE COMPANY** and **General Adjustment Bureau, Inc.,** Defendants.

**Civ. A. No. C63–1002.**

United States District Court
N. D. Ohio, E. D.

Nov. 12, 1964.

James M. Hinton, Akron, Ohio, for plaintiff.

John P. Gorman, of Clausen, Hirsh, Miller & Gorman, Chicago, Ill., and Squire, Sanders & Dempsey, Cleveland, Ohio, for defendants.

GREEN, District Judge.

This action was brought by plaintiff to recover for a claimed loss which was insured under certain insurance policies issued to it by defendant. Jurisdiction of this Court is predicated upon diversity of citizenship, 28 U.S.C.A. § 1332. Defendant is classed as a foreign insurance company to the State of Ohio, having been organized in the State of Illinois and not having qualified with the Department of Insurance pursuant to the laws of Ohio to transact business in the state. The policies in suit were issued by defendant to plaintiff through an excess lines agent in Ohio, pursuant to Ohio Revised Code § 3905.30 et seq.

Service of process was had upon defendant pursuant to Ohio Revised Code § 3901.17, the Ohio Unauthorized Insurers Process Act. Defendant moved to quash said service, which motion was

denied, D.C., 229 F.Supp. 397. Thereafter, defendant filed its answer to plaintiff's complaint.

Plaintiff has moved to strike the answer of defendant for failure to comply with the provisions of Ohio Revised Code § 3901.18. Defendant answers the said motion with the argument that the code provision is procedural, and thus not binding in this action brought in Federal Court.

The Code section in question, in pertinent part, provides:

### PLEADINGS BY FOREIGN COMPANIES

(A) Before any unauthorized foreign or alien insurer files or causes to be filed any pleading in any action, suit, or proceeding instituted against it, such unauthorized insurer shall either:

(1) Deposit with the clerk of the court in which such action, suit, or proceeding is pending, cash or securities or file with such clerk a bond with good and sufficient sureties, to be approved by the court, in an amount to be fixed by the court sufficient to secure the payment of any final judgment which may be rendered in such action, suit, or proceeding;

(2) Procure a certificate of authority to transact the business of insurance in this state.

(B) The court in any action, suit, or proceeding, in which service is made in the manner provided in division (B) or (C) of section 3901.-17 of the Revised Code may, in its discretion, order such postponement as may be necessary to afford the defendant reasonable opportunity to comply with the provisions of division (A) of this section and to defend such action.

The controversy before the Court is whether Section 3901.18 Ohio Revised Code, under the doctrine of Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), is to be applied in a diversity action in the federal courts.

Counsel advise that this issue is a question of first impression nationally, although O.R.C. § 3901.18 is drawn from Section 7 of the Uniform Unauthorized Insurers Act.

The basic doctrine of Erie R. Co. v. Tompkins is that federal courts in diversity cases may not, as to nonfederal matters, disregard state law in matters of substantive rights. As to matters of procedure, however, state law is not controlling, 1 A Moore's Federal Practice, § 0.304. The problems attendant upon this simply stated general rule demonstrate the complexity of the real problem of defining "substance" and "procedure."

Since the Erie R. Co. v. Tompkins decision, it has become apparent that the applicability of state law in diversity actions is not truly governed by a strict "substance"-"procedure" delineation, but rather is based upon a rationale of reason. Justice Frankfurter, writing for the majority in Guaranty Trust Co. of N. Y. v. York, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945), clearly brings home this fact. In the course of that opinion he stated:

Matters of "substance" and matters of "procedure" are much talked about in the books as though they defined a great divide cutting across the whole domain of law. But, of course, "substance" and "procedure" are the same key-words to very different problems. Neither "substance" nor "procedure" represents the same invariants. id. p. 108, 65 S.Ct. p. 1469.

\* \* \* \* \* \*

It is therefore immaterial whether statutes of limitation are characterized either as "substantive" or "procedural" in State court opinions in any use of those terms unrelated to the specific issue before us. Erie R. Co. v. Tompkins was not an endeavor to formulate scientific legal terminology. It expressed a policy that touches vitally the proper distribution of judicial power between

State and federal courts. In essence, the intent of that decision was to insure that, in all cases when a federal court is exercising jurisdiction solely because of the diversity of citizenship of the parties, the outcome of the litigation in the federal court should be substantially the same, so far as legal rules determine the outcome of a litigation, as it would be if tried in a State court. id. p. 109, 65 S.Ct. p. 1470.

\*   \*   \*   \*   \*   \*

And so, putting to one side abstractions regarding "substance" and "procedure", we have held that in diversity cases the federal courts must follow the law of the State \* \* \*. id. p. 109, 65 S.Ct. p. 1470.

A trilogy of decisions rendered by the Supreme Court on June 20, 1949 further emphasizes the nature of the Guaranty Trust doctrine.

In Ragan v. Merchants Transfer & Warehouse Co., 337 U.S. 530, 69 S.Ct. 1233, 93 L.Ed. 1520 the Supreme Court had under consideration the question of when an action was commenced for purposes of tolling a statute of limitations. In resolving that issue, controlling effect was given to a state statute on the subject.

Woods v. Interstate Realty Co., 337 U.S. 535, 69 S.Ct. 1235, 93 L.Ed. 1524 is of particular interest in the factual relationship it bears to the problem before this Court. Therein, plaintiff corporation had brought suit in the Federal Courts on a contract which would have been unenforceable in the State courts, in that plaintiff had been doing business in Mississippi without qualifying under a Mississippi statute. In denying plaintiff's right to maintain the federal action Justice Douglas observed:

The York case was premised on the theory that a right which local law creates but which it does not supply with a remedy is no right at all for purposes of enforcement in a federal court in a diversity case; that where in such cases one is barred from recovery in the state court,

he should likewise be barred in the federal court. id. p. 538, 69 S.Ct. p. 1237.

The third decision presents a situation which at first blush would appear to be clearly one of procedure, and was so considered by three members of the court. New Jersey had enacted legislation which made the plaintiff in a stockholder's derivative action liable for the reasonable expenses, including attorney's fees, of the defense, and entitled the corporation to require security for their payment. The issue before the Supreme Court was whether the statute should be applied in a federal diversity action. The majority answered in the affirmative, Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528. In the course of the opinion it was stated:

Even if we were to agree that the New Jersey statute is procedural, it would not determine that it is not applicable. Rules which lawyers call procedural do not always exhaust their effect by regulating procedure. But this statute is not merely a regulation of procedure. With it or without it the main action takes the same course. However, it creates a new liability where none existed before \* \* \*. We do not think a statute which so conditions the stockholder's action can be disregarded by the federal court as a mere procedural device. id. pp. 555–556, 69 S.Ct. p. 1230.

The import of these authorities has been construed to be that where state "procedural" statutes are made to have a substantive significance or consequence by their use to condition, limit *or enlarge* the recovery right as a matter of fixed and uniform result, they must necessarily be allowed to have that same effect in diversity cases brought in the federal courts. Petsel v. Chicago, B. & Q. R. Co., 202 F.2d 817, 820 (CA8, 1953).

▆▆▆▆ The Court is of the opinion that § 3901.18 of the Ohio code comes within the philosophy of the cases here-

in considered and is applicable in this action.

The overriding principle of Guaranty Trust Co. of N. Y. v. York, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945), is to achieve uniformity of result in diversity cases as though they were tried "in a State court a block away." Were this action to be tried in the Ohio courts, and plaintiff prevail, the judgment could be satisfied by reaching the bond under § 3901.18 without further litigation. Should this Court deny the applicability of § 3901.18 herein, and plaintiff prevail on the merits, then it is possible that plaintiff would have to institute further legal proceedings in another forum to enforce its judgment. It is this Court's belief that such a variation would be in conflict with the intent of the Supreme Court.

It seems quite clear to the Court that the statute under consideration "creates a new liability where none existed before," Cohen v. Beneficial Industrial Loan Corp., supra, and enlarges plaintiff's right of recovery, Petsel v. Chicago, B. & Q. R. Co., supra.

There is another factor which must be taken into consideration. This statute is part of a general legislative program by the State of Ohio to regulate the insurance industry within the State. The Court is of the opinion that there is a strong public policy in favor of enforcement of such a statute in a federal diversity action. Such a policy consideration must be balanced by an equally forceful showing of inapplicability, which is absent in this case, in order that a court give serious consideration to rejection of an integral part of a general remedial legislative scheme.

The Court has determined to exercise the discretion provided for in § 3901.18 (B), and will postpone ruling on the motion to strike.

Within ten days hereafter counsel for defendant shall advise the Court and opposing counsel whether defendant will comply with O.R.C. § 3901.18(A) and, if so, whether a bond will be filed or a certificate of authority sought. If defendant elects to file a bond, counsel for plaintiff shall suggest the nature and amount of such bond as he deems appropriate, with a statement in support thereof, and counsel for defendant may thereafter submit a similar proposal. The Court will then consider the matter of the bond required in this case.

Plaintiff's motion to strike answer continued, pending further proceedings in accordance with this memorandum.