Having made the above determination, the Court is compelled to find the defendant not guilty of each of the charges.

### GIANT TIGER SANDUSKY DRUGS, INC., et al., Plaintiffs,
### v.
### NATIONAL UNION INSURANCE COMPANY, Defendant.
### Civ. A. No. C 64–693.

United States District Court
N. D. Ohio, E. D.
Feb. 4, 1966.

Code § 3901.17. That statute provides that a foreign insurer who issues a contract of insurance to an Ohio resident or transacts any insurance business in the State of Ohio is subject to suit in Ohio courts.

Counter-affidavits were filed by both sides on the question of whether defendant did transact any insurance business within the scope of O.R.C. § 3901.17. After considering the matters of record, this Court concluded:

> It is immediately obvious that disposition of this jurisdictional issue will vitally affect the merits of this case, for if defendant prevails on this motion it necessarily follows that plaintiffs may have no cause of action on the merits.

> \*   \*   \*   \*   \*   \*

> It is this Court's conclusion that the allegations of the complaint and the averments of the affidavits leave too many unanswered questions for a determination to be made at this time of the factual issues posed by defendant's motions. Therefore determination of defendant's motions to dismiss or quash service of summons will be deferred until the trial.

On June 10, 1965, following the Court's ruling, the defendant filed its answer. Thereafter, defendant served interrogatories upon the plaintiffs, to which response was made on January 17, 1966.

On January 10, 1966 plaintiffs moved to strike the answer of the defendant. Plaintiffs' motion is based upon the provisions of § 3901.18 of the Ohio Code. That section provides:

3901.18 *Pleading by foreign companies.*

(A) Before any unauthorized foreign or alien insurer files or causes to be filed any pleading in any action, suit, or proceeding instituted against it, such unauthorized insurer shall either:

(1) Deposit with the clerk of the court in which such action, suit, or proceeding is pending, cash or securities or file with such clerk a

Baker, Hostetler & Patterson, Russell Leasure, H. H. Felsman, Cleveland, Ohio, for plaintiffs.

Zellmer & Gruber, Maxwell Gruber, Cleveland, Ohio, Wiles, Doucher, Tressler, Martin & Ford, Thomas A. Doucher, Columbus, Ohio, for defendant.

GREEN, District Judge.

This action was brought by plaintiffs on October 22, 1964, based upon defendant's alleged liability in the amount of $450,000 under a contract of insurance insuring plaintiffs against fire and other risks of physical loss and damage.

Defendant moved to quash service of summons or to dismiss the complaint, contending that it was a foreign corporation not licensed to do business, nor actually doing business, in Ohio. Plaintiffs contended that defendant was subject to the jurisdiction of this court by virtue of the provisions of Ohio Revised

bond with good and sufficient sureties, to be approved by the court, in an amount to be fixed by the court sufficient to secure the payment of any final judgment which may be rendered in such action, suit, or proceeding.

(2) Procure a certificate of authority to transact the business of insurance in this state.

Plaintiffs contend that defendant's answer was filed without complying with the terms of this statute, and should be stricken from the files as violative of law and a nullity.

Defendant contends that the terms of § 3901.18 cannot be applied to a Federal Court action. Defendant argues that the United States District Courts derive their jurisdiction from the Constitution and Laws of the United States and that the states may not, by exertion of authority in any form, directly or indirectly, determine, abridge or limit Federal jurisdiction.

Section 3901.18 of the Ohio Code has been the subject of limited judicial construction. In fact, the only prior ruling involving the said section of which this Court is aware was handed down by this Court in Akron Company v. Fidelity General Insurance Company, 250 F.Supp. 201 (D.C.N.D.Ohio, 1964). In that case the defendant raised essentially the same argument here presented concerning the applicability of § 3901.18 in a federal diversity action. This Court ruled therein that § 3901.18 did so apply. The arguments here presented by defendant have not altered the Court's views on the issue.

There is, however, a distinguishing factor between the instant action and the *Akron Company* case. In the *Akron Company* case, as herein, the defendant initially challenged the court's jurisdiction over it under O.R.C. § 3901.17. In the *Akron Company* case this Court found that the defendant insurance company had done acts sufficient to support jurisdiction under § 3901.17. Akron Company v. Fidelity General Insurance Company, 229 F.Supp. 397 (D.C.N.D. Ohio, 1964). In this case the jurisdictional issue has been reserved for decision at the time of trial.

■ The fact of the reservation of the jurisdictional issue under § 3901.17 is, in this Court's opinion, of prime importance in deciding the issues herein under § 3901.18. These two statutes were enacted together, effective July 25, 1955, and in the Court's opinion are so interrelated that § 3901.18 cannot be construed without taking § 3901.17 into account. Section 3901.17 of the Ohio Code provides a basis for the assertion of jurisdiction by an Ohio court over a foreign or alien insurer. Section 3901.18 of the Ohio Code then defines the procedures which must be followed by such an insurer who has been found subject to the court's jurisdiction under § 3901.17.

■ It is this Court's belief that until such time as a foreign or alien insurer is found to be properly before an Ohio court by virtue of the reach of § 3901.17 the procedural requirements of § 3901.18 cannot be enforced against such insurer.

The requisite jurisdictional determination has not yet been made herein. It is, therefore, this Court's conclusion that defendant cannot be made to comply with O.R.C. § 3901.18, nor its sanctions imposed against defendant, until such time as the jurisdictional issue is concluded. Plaintiffs' motion to strike defendant's answer is denied.