CITY OF KIRTLAND, APPELLEE, *v.*
WESTERN WORLD INSURANCE
COMPANY, APPELLANT. ▮

(No. 12-100—Decided
January 22, 1988.)

*Byron & Ryan Co., L.P.A.,* and
*David E. Cruikshank,* for appellee.

*Ulmer, Berne, Laronge, Glickman
& Curtis* and *Thomas A. Dugan,* for
appellant.

RIGGS, J. This case was heard in the Lake County Court of Common Pleas and involves the contractual obligation of Western World Insurance Company, appellant, to indemnify the city of Kirtland, the insured appellee, for the payment of attorney fees and expenses to the Holden Arboretum.

On July 17, 1981, Holden Arboretum sued the city of Kirtland for equitable relief and received a favorable decision when the court found Kirtland to be in violation of Section 1983, Title 42, U.S. Code. This judgment was neither appealed nor is it in issue. In May 1982, Holden Arboretum filed another action against appellee claiming a right to attorney fees. Notice of this claim was given to appellant insurance company by the appellee, but appellant denied any duty to defend or indemnify appellee▮ A judgment was entered in favor of Holden Arboretum in the sum of $56,945.66.

On July 5, 1985, Holden Arboretum filed a supplementary petition against appellant for an application of insurance money to satisfy the judgment awarded it against appellee. When appellee later paid Holden Arboretum, the action proceeded between appellee and appellant insurance company as a third-party complaint. Appellee sought the recovery of three items: indemnity for paying Holden Arboretum the fair and reasonable value of its defense of Holden Arboretum's claim to attorney fees, and its

fees in pursuing the present action to vindicate its right to a defense and indemnification.

Appellee filed a motion for partial summary judgment stating that appellant was contractually obligated to defend and to indemnify it. Appellant later filed a cross-motion for summary judgment. Appellee moved the lower court for an order compelling appellant, an unlicensed and unauthorized insurer, to post a statutory bond. The court found appellant to be an unauthorized insurer and on January 31, 1986 ordered it to immediately post a $125,000 bond. On April 7, 1986, the court denied appellant's motion for summary judgment, granted appellee's motion for partial summary judgment and held that appellant was required to defend appellee and was liable for attorney fees. By July 8, 1986, appellant had not yet posted the bond, even though the court had ordered that it be immediately posted in January. The bond which was eventually posted was not only the wrong type of bond, it was not made in favor of the appellee. Since the bond did not conform to the court order of January 31, 1986, the court granted appellee's motion that appellant be removed from the hearing, that its answer be stricken, that judgment on the merits of appellee's complaint be made and that appellee be allowed to file an amended complaint. These orders were part of the judgment entry of July 18, 1986 even though appellant posted a proper bond the previous day.

On August 2, 1986, appellant answered appellee's amended complaint. Appellee then filed a motion for summary judgment on August 20, 1986, stating that the statutory- and court-ordered obligations of appellant had been ignored and that appellant impaired a vested property right of the city. Appellant did not respond to this motion and on October 20, 1986, the trial court granted appellee's motion for summary judgment. Appellant appealed the judgments of April 7, 1986, July 18, 1986, and October 20, 1986.

Assignments of Error

"1. The trial court erred in denying Western World's Motion for Summary Judgment and in granting Kirtland's Motion for Partial Summary Judgment on April 7, 1986.

"2. The trial court erred in awarding Kirtland a default judgment in the hearing of July 8, 1986 (which was filed July 18, 1986) for attorneys' fees and expenses Kirtland incurred in defending Holden's Complaint and in prosecuting Kirtland's Third-Party Complaint against Western World.

"3. The trial court erred in granting Kirtland's Motion for Summary Judgment on October 20, 1986 and awarding $125,000.00 liquidated damages against Western World for failure to file an appearance bond prior to July 17, 1986."

Appellant assigns as error three judgments entered by the court on three different dates. In its first assignment of error, the appellant maintains that the lower court erred by denying its motion for summary judgment while granting appellee's motion for partial summary judgment.

The construction of the language of appellant's insurance policy is at the core of the dispute between appellant and appellee and the applicable language is set forth as follows:

"* * * that if, during the policy period, any claim or claims are first made against it as a result of any Wrongful Act, the Company will pay on behalf of, in accordance with the terms of this policy, all loss which the Public Entity becomes legally obligated to pay as damages, and * * * the Company shall have the right and duty to defend any suit against the Insured seeking damages on account of such Wrongful Act * * *.

"Loss shall mean any amount which the Insureds are legally obligated to pay, * * * for any claim or claims made against them, for Wrongful Acts and shall include but not be limited to damages, judgments, settlements, and costs * * *.

"The Company shall not be liable to make payment for Loss in connection with any claim made against the Insureds allegedly, based upon or arising out of * * *

"* * *

"4(a)  Claims, demands or actions seeking relief, or redress, in any form other than money damages;

"(b)  For fees or expenses relating to claims, demands or actions seeking relief or redress, in any form other than money damages."

The term "money damages" was not defined in the insurance policy. Appellant claims that it is impossible to define all words used in an insurance policy and that the words "money damages" need not be defined because the distinction between money damages and equitable relief is basic and well-established in the law.

Appellant is correct in its contention that there was only one "wrongful act" as defined in its insurance policy. The complaint of Holden Arboretum prayed for equitable relief — money damages were neither alleged nor disputed by Holden Arboretum when it sued the city of Kirtland. The city of Kirtland did not seek assistance from Western World Insurance Company for the defense of this claim, as exclusion Section 4(a) states that appellant will not be liable for loss in connection with any claim seeking relief in any form other than money damages. Appellant claims that the court's award of attorney fees pursuant to Section 1988, Title 42, U.S. Code was a fee or expense relating to an equitable claim and therefore excludable by Section 4(b) of the insurance policy. To bolster

its contention that the attorney fees awarded related to the equitable action, appellant states that since money was not asked for in the original action, the award of attorney fees must have been allowed as part of the costs. Additionally, the language of Section 1988, Title 42, U.S. Code states that "the court, in its discretion, may allow * * * a reasonable attorney's fee as part of the costs." Appellant relies in part on the case of *Bd. of Cty. Commrs.* v. *Guarantee Ins. Co.* (D. Colo. 1981), 90 F.R.D. 405, where the court stated that attorney fees awarded in a case where money damages were not demanded were not damages as contemplated by the policy. However, the policy defined "damages" as "only those damages which are payable because of personal injury." In the case at bar, the term "money damages" is not defined in the policy.

Appellee maintains that the claim for attorney fees is in the form of "money damages" and is therefore included in the insurance policy, even though the original claim was equitable. Appellee argues that the award of attorney fees is a cost, but that costs, as interpreted by the insurance policy, are a form of money damages. To support this contention, appellee refers to *Symons* v. *Eichelberger* (1924), 110 Ohio St. 224, 238, 144 N.E. 279, 283, for the idea that "[costs] are in the nature of incidental damages * * *." Appellee also points out that appellant's senior claims examiner stated that "there were no monetary damages sought other than the attorney's expenses * * *," characterizing the attorney fees as a money damage. While this court does not view this statement as an admission, the statement brings to light the fact that appellant was uncertain as to the characterization of attorney fees. Appellee will not bear the burden of appellant's own uncertainty as to a

term in a policy appellant wrote. The language of a contract is to be construed against the maker when an ambiguity arises; this is basic contract law. Since the term "money damages" was not defined in the policy, for purposes of this discussion and under these circumstances, this court holds that the attorney fees awarded appellee were money damages. The trial court's finding that appellant was contractually obligated to defend and indemnify appellee for the defense of Holden Arboretum's claim to attorney fees is therefore upheld.

In its second assignment of error, appellant states that the lower court erred in awarding appellee default judgment for attorney fees incurred in the defense of Holden Arboretum's claim for attorney fees and in hearing appellee's third-party complaint. Appellant relies on the arguments used in its first assignment of error to support the second, *i.e.,* since it had no duty to defend Kirtland against Holden Arboretum's claims for attorney fees, it had no duty to indemnify appellee for expenses in litigating that complaint. We have found that appellant had a duty to defend appellee; therefore, the failure to perform this duty entitled appellee to recover the amount of the judgment, upon losing to Holden Arboretum, the cost of defending the suit and the cost of pursuing the present action. *Willoughby Hills* v. *Cincinnati Ins. Co.* (1986), 26 Ohio App. 3d 146, 26 OBR 363, 499 N.E. 2d 31. The default judgment of July 18, 1986 was therefore not erroneously awarded as appellant contends because appellant had a duty to defend appellee.

In its last assignment of error, appellant argues that appellee should not have been granted summary judgment on October 20, 1986 or awarded $125,000 in liquidated damages for appellant's failure to file an appearance bond before July 17, 1986.

Appellant was found by the lower court to be an unauthorized and unlicensed insurance company in Ohio despite appellant's initial contentions to the contrary. To protect insureds from unauthorized and unlicensed insurance companies operating in Ohio, the legislature enacted R.C. 3901.18 which requires these insurers to post cash or a bond before appearing in any Ohio court. Appellant appeared in court on August 2, 1985 when it filed an answer but did not post a bond. After a motion by appellee to compel the posting of the bond, the court ordered appellant to immediately post a $125,000 bond on January 31, 1986. Appellant did not do this until July 17, 1986. Appellant appeared again in court and later offered a bond in apparent compliance. The bond was the wrong type and was not made out to the city of Kirtland as it should have been. On August 20, 1986, appellee filed a motion for summary judgment which was not responded to by appellant. The court granted summary judgment on October 20, 1986.

Appellee states that the purpose of R.C. 3901.18 is to relieve an insured of the risk of an unauthorized insurance company going bankrupt during litigation. *Akron Co.* v. *Fidelity General Ins. Co.* (N.D. Ohio 1964), 250 F. Supp. 201. While there are no cases in Ohio which directly construe the remedy of R.C. 3901.18, it has been interpreted to create a new liability where none existed before. *Akron, supra.* In *United States* v. *Dieckerhoff* (1906), 202 U.S. 302, the Supreme Court placed emphasis on the statutory nature of a redelivery bond when it held that the purpose of the bond was to eliminate the necessity of proving actual damages. Also in *Clark* v. *Barnard* (1883), 108 U.S. 436, the Supreme Court stated that liquidated damages are more appropriate where the public interest is involved.

Whether or not the forfeiture of a bond is to be construed as liquidated damages depends in part on the character of the privilege granted, the character of the statute and the difficulty of ascertaining actual damages. 12 American Jurisprudence 2d (1964), Bonds, Section 44. This court finds that the forfeiture of the bond was liquidated damages for appellant's failure to comply with the law, and as such it is not in the nature of a penalty.

The judgments of the trial court were all properly made and this court affirms those decisions.

*Judgments affirmed.*

CHRISTLEY and DOWD, JJ., concur.

ROLAND W. RIGGS II, J., retired, of the Washington County Court of Common Pleas, and THOMAS M. DOWD, J., retired, of the Harding County Court of Common Pleas, sitting by assignment.