PETTICREW, JR., APPELLEE, *v.* PETTICREW, SR., APPELLANT.

(No. 500—Decided November 12, 1953.)

*Messrs. Corry, Durfey, Martin & Browne,* for appellee.

*Messrs. Cole & Cole* and *Mr. William E. Bailey,* for appellant.

HORNBECK, J. This is an appeal on questions of law from a judgment in favor of the plaintiff and against the defendant in the sum of $37,807.15. The action was for damages for the value of funds and property in the sum of $134,423.74, claimed to have been appropriated and converted by defendant from the plaintiff.

Five errors are assigned, which we will consider in the order in which they are set up in the brief of defendant.

"1. Irregularity in the proceedings during said trial of the prevailing party plaintiff, through his counsel, in openly accusing defendant's witness Stinson, in open court and in the presence of the jury, of having committed perjury in a certain deposition theretofore taken by plaintiff's counsel, and referred to as 'deposition of Mary E. Stinson.' "

Mary Stinson was called as a witness for the defendant. During her interrogation on cross-examination this question was put by counsel: "On July 2, 1951, did you know you were married to Stanley S. Petticrew, Sr., defendant in this case?" Counsel for defendant objected to this question, whereupon, counsel for plaintiff said: "We have a case of perjury here, your Honor." Counsel for defendant then requested that the jury be excused and that he be heard on a question of law, to which the court answered: "No. I will instruct the jury to disregard the comment of counsel." Thereupon, counsel for defendant moved the court that a juror be withdrawn and a mistrial be declared by reason of the remarks of the plain-

tiff. This motion was overruled, and exceptions were noted by counsel for the defendant. The court then instructed the jury to totally disregard the remarks of counsel, particularly the statement to the effect that "we have a case of perjury here."

It is the contention of defendant that the comment of counsel was prejudicial to the cause of defendant and that, notwithstanding the action of the court in instructing the jury to totally disregard the remarks, they caused the jury to be prejudiced against the defendant.

Many cases are cited where remarks of counsel during trial have been held to be prejudicial, in some instances even though the court admonished the jury to disregard them.

The effect of such remarks and whether they are prejudicial must be determined upon the development in each case wherein they occur. It will serve no useful purpose to cite the cases pro and con because they have weight as controlling authority only when considered with the facts out of which they grew.

Suffice to say, there are several reasons why the remarks were not prejudicial. If they remained in the minds of the jury notwithstanding the admonition of the court, it must have been appreciated that they were but the conclusion of counsel with which the jury might or might not agree. A similar observation was made earlier in the examination of the witness to which no objection was made. Although, technically, the witness may not have committed perjury in her deposition, it was permissible for the jury to believe that she had falsified in her statement. It is indeed doubtful that she would fail to recall whether she was married. The witness was also called by the plaintiff and from her was developed testimony which the jury may have considered as probative of some elements of

plaintiff's case. If the remarks of counsel for the plaintiff stultified the witness it is only reasonable to conclude that they may have harmed his cause as much as that of the defendant. Finally, we have no reason to doubt that the jury accepted the instructions of the court as given and disregarded the statement of counsel. The conduct to which objection was taken consisted only of a single instance and did not indicate any course of action intended to prejudice the jury. We can not find that it had such effect.

"2. Error of the court in overruling this defendant's motion to withdraw a juror and declare a mistrial in the action on account of the irregularity in the proceedings referred to in the first assignment of error."

We have discussed this assignment sufficiently under the first assignment and find that it is not well taken.

The third assignment of error is "error of law occurring at the trial, and then and there excepted to by the defendant, in the following particulars:

"(a) In the admission by the court in evidence and factual submission to the jury for consideration of plaintiff's exhibit BB, being a written report and general summary of conclusions reached by plaintiff's certified public accountant Peery, who had been permitted by defendant's counsel to examine certain of defendant's books and records for a limited purpose only.

"(b) Errors of law in the general charge of the court as given to the jury."

Dale F. Peery, a certified public accountant, was called as a witness for the plaintiff. He had made a full audit of the transactions evidenced by plaintiff's exhibits Q, R and U, and of certain income tax returns, and from these set up a summary of amounts owing

plaintiff, amounts paid to him, and the balance due him.

The defendant had acted for the plaintiff under two powers of attorney. One was executed on January 28, 1943, just before the plaintiff had entered the armed service, and was later revoked. The second power of attorney was executed on June 22, 1948, and was revoked on October 6, 1950. The effect generally of these powers was to authorize the defendant to act for and on behalf of the plaintiff in the disposition and investment of capital and income which might accrue to him during his absence in the service and, after he had returned, during the period that he was working with and for his father, the defendant. There were income tax returns reflecting the income of plaintiff for the years 1944 to 1948, inclusive, plaintiff's exhibits J to N, inclusive. The plaintiff was a partner with Mary Stinson in a business venture known as Springfield Rental Agency which was carried on from January 1943 to April 1949. The plaintiff shared equally with his partner in the net profits of this business, and it was profitable. Under the powers of attorney, plaintiff's share was paid to the defendant. Defendant set up what was known as a drawing account for the plaintiff and there was also an automobile account of the company with the plaintiff. Exhibit Q-1 to 10, was a copy of the salary account of plaintiff with the Springfield Rental Agency. Exhibit R-1 to 7 was a copy of plaintiff's drawing account and exhibit U was the automobile account of plaintiff with the company. These three exhibits carried some 400 or more items and it was the summary of these accounts and items and statements in the income tax returns that the witness Peery prepared and which was admitted and to which defendant objected and which is made the subject of this assignment of error.

We understand the contention of defendant to be that counsel for plaintiff breached an agreement set forth in a letter from counsel for plaintiff to counsel for defendant under date of July 3, 1951, a part of which is as follows:

"It is understood that we may, at our own expense, employ an accountant to examine the original records in comparison with the exhibits 'Q,' 'R,' and 'U' to determine whether the latter correctly reflect the original book accounts, with the understanding that if any difference of [sic] discrepancy appears, the accountant is authorized to make the appropriate insertions or additions on exhibits 'Q,' 'R,' and 'U.' "

The import of this letter was to confirm a prior understanding between counsel for the parties that an examination would be made by an accountant to be selected by the plaintiff to determine whether the copies were identical with the original records. The only modification that was made was that defendant insisted that an accountant be selected who was mutually agreeable to the parties.

We see nothing in this letter which would preclude the plaintiff from making any proper use of the copies in the trial of his case. Manifestly, he desired them in the preparation for trial and to secure any information therefrom which would be to his advantage. No commitment was made to the contrary.

Defendant argues that the summary and report of the accountant was not admissible because the jury had the evidence before it upon which it could make any calculations and conclusions essential to its verdict and that to permit the expert to state his conclusions in written form and send it to the jury merely accentuated his testimony; that the report is not admissible under favor of Section 12102-17 *et seq.*, General Code; that it is not a composite report; and that

such report must embody the conclusions of experts only. Plaintiff insists that the report was admissible both under the common-law rule and by statute under Section 12102-17 *et seq.*, General Code.

We are not completely in accord with the claim of either of counsel. The rule controlling is variously stated. In 32 Corpus Juris Secundum, 714, Section 789, it is stated:

"The result of the examination of voluminous writings and records may be admitted in evidence, if the books, etc., are properly in evidence or their absence satisfactorily explained."

In an annotation to *Hooven* v. *First National Bank in Ardmore* (134 Okla., 217, 273 P., 257), in 66 A. L. R., 1203, at 1206, which is limited to cases in which the documents examined were not put in evidence, it is said:

"It has been generally held that it is permissible for a witness to give a summary based on an inspection of a number of documents where the documents are so numerous and intricate as to make an examination of them in court impractical."

This type of evidence is treated in the cases and texts as secondary. The objection to it is that it offends against the hearsay, and the best evidence rules in that the persons who helped to prepare the documents are not in court and may not be examined, and the documents, the best evidence, are not in court. Courts have held that such evidence is not a violation of the parol evidence rule but a relaxation thereof, demanded by the exigencies of the case. See annotation 66 A. L. R., 1209. To obviate the latter objection, courts, so far as possible, require as a prerequisite to the admission of the report either that the documents be in court or made available to inspection. This safeguard is accomplished in our statute which, in the

first instance, makes the report admissible but in a later section (Section 12102-19, General Code), requires the party intending to use it to give notice of such intention to the opposite party with a copy of the report and a reasonable opportunity to inspect and copy any records or other documents in the offering party's possession or control on which the report or finding is based, and, also, the names of all persons furnishing facts upon which the report or finding was based. This notice was given by plaintiff and as a precautionary measure, no doubt, was justified, because he did not know what the attitude of defendant would be at the trial toward the admissibility of exhibits Q, R, and U.

When the exhibits were offered in evidence there was no objection to the reception of any of them. The copies had been furnished defendant or were made with his knowledge of their contents. The copies were to all intents and purposes as valid as the original records. Thus, there was taken from the evidence any proper objection on the grounds ordinarily urged against its reception. There was no necessity, as the evidence developed, to invoke the provisions of the statutes (Section 12102-17 to Section 12102-21, General Code).

There, then, is presented the simple question of whether the report of the accountant, an expert, was of such a nature as to be of assistance to the jury in reaching a proper verdict. The exhibits from which the summary was made were somewhat voluminous, consisting of more than 400 items, made up of three different accounts, 12 income tax returns, all of some difficulty of interpretation. In this situation, the admissibility rested largely in the discretion of the trial court, and we do not find the court's discretion to have been abused. The computations in the analysis were

made from the exhibits with proper references thereto which enabled the jury to intelligently refer the summary to the itemized entries. The jury thus was privileged to differ from the summary if not supported by the exhibits. Defendant did not cross-examine the witness. We agree with counsel for the defendant that, if the jury was in as good position to make determination of the import and effect of the exhibits as the accountant, then it was error to admit his report. Annotation 52 A. L. R., 1268. However, we can not so find. No prejudicial error was committed in the admission of plaintiff's exhibit BB.

Defendant urges that the trial judge erred in the general charge wherein he permitted the jury to construe defendant's exhibit 2. This exhibit was a paper writing which defendant claimed was a contract between the parties providing, in substance, that if plaintiff left the employ and association with his father, the defendant, he, the plaintiff, would thereupon relinquish all of his right and interest in all property or assets included in the subject matter of the agreement. Defendant insists that this contract was not ambiguous and cites several cases to the effect that in this situation it is the function of the judge and not the jury to construe the contract. Of course, this is the law. However, it is conceded that the trial judge properly charged the jury that it should first determine whether there was a valid agreement between the parties. This was an issue. It may have been resolved in favor of the plaintiff. The verdict is general. There were no interrogatories submitted. In this situation the two-issue rule applies and we need not test the charge as against the error assigned. *Sites* v. *Haverstick*, 23 Ohio St., 626; *Beecher* v. *Dunlap*, 52 Ohio St., 64, 38 N. E., 795; *State, ex rel. Lattanner*, v. *Hills*, 94 Ohio St., 171, 113 N. E., 1045, L. R. A. 1917B, 684.

The fifth assignment is that the verdict of the jury is too large and not justified by any of the evidence submitted to it, and the sixth, is that the verdict is not sustained by sufficient evidence and is contrary to law. Without comment, we hold against the contention of defendant on both of these assignments.

The judgment is affirmed.

*Judgment affirmed.*

WISEMAN and MILLER, JJ., concur.