CLEVENGER, APPELLANT, *v.* WESTFIELD COMPANIES,
APPELLEE.

[Cite as Clevenger v. Westfield Companies (1978),
60 Ohio App. 2d 1.]

(No. 8852—Decided August 23, 1978.)

*Mr. Timothy A. Shimko,* for appellant.
*Mr. Charles Pierson,* for appellee.

MAHONEY, P. J. This is an appeal by the plaintiff, Flora Clevenger, from a jury verdict for her in the sum of $1,650 against the defendant insurance company. The verdict represents the amount due plaintiff for the total loss of her

auto under the provisions of her auto collision insurance policy. Plaintiff claims she was additionally entitled to a jury award of interest from a reasonable time after the submission of the proof of loss. She appeals and claims as error the court's failure to submit the issue of interest to the jury and in denying her the right to reopen her case and admit the insurance policy and other evidence upon the issue of interest. We agree and reverse.

### Facts

It is undisputed that on June 5, 1976, the plaintiff's 1971 Ford L. T. D. automobile was involved in a collision and damaged beyond repair. It was stipulated that the proof of loss was made and that the defendant was prepared to settle the loss on August 18, 1976. The complaint prayed for $2,000 but the plaintiff's evidence at trial set the value at $2,100 to $2,200 while the defendant's testimony was a value of $1,380. At the conclusion of the evidence, the court refused plaintiff's request to submit the issue of interest to the jury. The court also refused the plaintiff's request to reopen her case and introduce the insurance policy and a written offer by the defendant of $1,175 dated August 18, 1976.

### Discussion

The plaintiff argues that she was entitled to prejudgment interest as a matter of law under R. C. 1343.03 when the loss became payable on August 18, 1976, and that it was unnecessary to submit the calculation to the jury. She further argues that the value of her auto was readily ascertainable by reference to well established market values.

The defendant argues that prejudgment interest is not allowable because it is an unliquidated claim, not subject to reasonably certain calculation and that a dispute exists as to value.

An article in 46 Cincinnati L. R. 151 (1977), at pages 164-166, accurately summarizes the law in Ohio as follows:

"During the nascent stage of prejudgment interest theory, appellate courts were reluctant to allow this element of damages on an unliquidated claim. Thus, if allowed at all, it was because the trial court or jury had granted it

in its discretion. As courts developed rules for the allowance of prejudgment interest on ascertainable claims, they tended to regulate the manner of its allowance by rule as well. Thus, current judicial practice is to allow prejudgment interest as a matter of right on reasonably ascertainable, unliquidated claims. * * *

"Ohio courts have taken a position similar to that of Michigan on this issue. Early cases established that an allowance of prejudgment interest on an unliquidated claim was within the discretion of the jury and that the jury should not be charged that plaintiff was entitled to the interest as a matter of law. In a later case, however, the Supreme Court of Ohio voiced disapproval of those decisions and stated that, as a general rule, where one's property has been lost, the principle of compensation gives prejudgment interest as a necessary incident to principal damages. In cases where plaintiff's damages were reasonably ascertainable, subsequent Ohio decisions have approved instructions which charged the jury that, if it found for plaintiff, it should return a verdict for the value of principal damages with interest. If damages can be determined only by the reasonable judgment of the jury, or involve a mitigation question, the jury should not be charged to return prejudgment interest, although they may grant it in their discretion. * * *

"In those jurisdictions and in those actions embracing a discretionary allowance of prejudgment interest, the trial court is authorized to instruct the jury that it may award this element of damages. If the jury finds the principal damages and indicates that it approves the allowance of prejudgment interest but does not actually compute the interest award, the court may make the necessary mathematical calculations. If the prejudgment interest is recoverable as a matter of law, the court should calculate and award this interest if the jury fails to do so."

We hold that an auto collision insurance policy is an "instrument of writing" within the meaning of R. C. 1343.-03 and the plaintiff is entitled to interest when the loss is due and payable. See, *Commonwealth Ins. Co. of N. Y.* v.

*O. Henry Tent & Awning Co.* (N. D. Ill. 1960), 184 F. Supp. 723. However, this issue was not raised in the trial court and we will not discuss the applicability of the statute since the trial court did not have that opportunity. We further hold that the value of an automobile's total loss is not readily ascertainable by reference to well-established market values. To avoid the assessment of interest, the insurer should make a reasonable offer on or before the date the loss is due and payable. Therefore, the trial court should have submitted to the jury the question of whether to award interest. If the jury then determined that the defendant made a reasonable offer on or before August 18, 1976, interest may not be assessed. However, if they would have found that the insurance company did not make a reasonable offer, then interest in the amount found due and payable could be assessed.

### Summary

We find that the trial court erred in failing to permit the plaintiff to reopen her case and to submit the question of interest to the jury with proper instructions. The judgment is, therefore, reversed and the cause is remanded to the trial court for a new trial in accordance with this opinion.

*Judgment reversed and cause remanded.*

VICTOR and HUNSICKER, JJ., concur.

HUNSICKER, J., retired, was assigned to active duty under authority of Section 6(C), Article IV, Constitution.