HORNING-WRIGHT COMPANY, APPELLEE AND CROSS-APPELLANT, *v.* GREAT AMERICAN INSURANCE COMPANY, APPELLANT AND CROSS-APPELLEE; ANDERCO, INC., APPELLANT.

(Nos. 12026 and 12040—Decided
August 14, 1985.)

*Joseph E. Abdenour* and *James R. Graves,* for Horning-Wright Co.

*Scott H. Ruport,* for Great American Insurance Co.

*Michael Bowler* and *Robert Meeker,* for Anderco, Inc.

MAHONEY, P. J. Appellant, Anderco, Inc. ("Anderco"), and cross-appellants, Horning-Wright Company ("Horning") and Great American Insurance Company ("Great American"), appeal a judgment of the Summit County Court of Common Pleas in Horning's favor against Great American and Anderco. We modify in part and, as modified, affirm and remand.

Anderco is a concrete finishing company which acted as a subcontractor of Nahra, Inc. on construction of an addition at Kenmore High School in 1979 in Akron, Ohio. Anderco was responsible for the installation of one hundred ninety-three foundation support piles able to bear three thousand pounds per square inch (p.s.i.). Anderco in turn contracted with Horning to supply the concrete needed and provided Horning with a formula for the mixture which would allegedly withstand 3750 p.s.i. Horning delivered fifty-three truckloads of concrete to Anderco at Kenmore High from March through June 1979. During this time, substantial delays were encountered on site in the actual pouring of the concrete allegedly due to Anderco's unpreparedness. Horning claims these delays caused Anderco to order that Horning's drivers add large amounts of water to the mix. After the piles were constructed, tests showed that twenty-three of the piles failed to meet the 3000 p.s.i. requirement of the contract and had to be replaced. Anderco subsequently stopped payment on its account with Horning in September 1979. After negotiations with Nahra, Inc., the general contractor, Anderco was removed from the project and replaced by another concrete company.

On July 10, 1981, Horning made a demand for payment on Great American, the surety for the construction project. Great American rejected the claim and Horning filed suit against Great American and Anderco for the amount remaining due. Anderco filed a counterclaim against Horning for damages supposedly sustained in the arbitration, and Great American filed a cross-complaint against Anderco. A jury trial was held after which verdicts were returned against both defendants for $9,326, against Anderco alone for $21,773.60, and for Horning on Ander-

co's counterclaim. In a separate judgment entry, not involved in this appeal, Great American was awarded $9,326 plus interest on its cross-claim against Anderco.

Anderco and Great American's Joint
Assignment of Error

\* \* \*■

Anderco's Separate Assignment
of Error

"The trial court erred to the prejudice of defendant Anderco, Inc. by refusing to admit into evidence defendant's Exhibits 28, 29, 30 and 31 which provided accurate summaries of voluminous records that the jury considered in its deliberations."

Defendant's Exhibits 28 through 31 are chart summaries of the information contained on fifty-three invoices and other documents. Anderco attempted to have them admitted into evidence through Evid. R. 1006 which provides:

"The contents of voluminous writings, recordings, or photographs which cannot conveniently be examined in court may be presented in the form of a chart, summary, or calculation. The originals, or duplicates, shall be made available for examination or copying, or both, by other parties at a reasonable time and place. The court may order that they be produced in court."

When Evid. R. 1006 went into effect, it made no change in prior Ohio law (Staff Note to Evid. R. 1006) which required that in order for the summary to be admissible, the documents upon which they are based must be admitted into evidence or their absence explained. *Petticrew* v. *Petticrew* (1953), 98 Ohio App. 260, 266 [57 O.O. 286], citing the predecessor to 32A Corpus Juris Secundum (1964) 111, Evidence, Section 789. The charts include information taken

from pile logs and compression test reports which were never admitted or even offered into evidence although they were readily available at trial. For this reason, the trial court properly refused to allow the charts into evidence.

Great American's Separate
Assignments of Error

\* \* \*

Horning's Assignment of Error

"The trial court erred in refusing to find as a matter of law, or to instruct the jury that if the issues regarding monies claimed owing to plaintiff on account and for demurrage charges were found in favor of plaintiff, interest should be assessed against the bonding company on the sum found due, at the statutory rate of 8% per annum from June 30, 1979, at the earliest, or from July 10, 1981, at the latest, until July 5, 1982, at which time the new statutory interest of 10% per annum would be assessed until December 3, 1984."

This court has previously dealt extensively with the law in Ohio regarding prejudgment interest. See *Clevenger* v. *Westfield Companies* (1978), 60 Ohio App. 2d 1, 2-3 [14 O.O.3d 3], quoting from Note (1977), 46 U.Cin. L.Rev. 151, 164-166. In cases where the dispute is over liability itself and the amount of such potential liability is not in dispute or is readily ascertainable, the court should grant or instruct the jury to grant prejudgment interest if the plaintiff prevails on the liability issues. *Clevenger, supra; Braverman* v. *Spriggs* (1980), 68 Ohio App. 2d 58 [22 O.O.3d 47]; *Nursing Staff of Cincinnati, Inc.* v. *Sherman* (1984), 13 Ohio App. 3d 328, 330-331. In this case, the amounts owed for the concrete and demurrage were not in dispute; the only dispute was over whether these amounts were owed at all. This case therefore is one in which prejudgment interest should have been granted as a matter of law.

The question then arises as to what date should be used to begin the accrual of interest. Prejudgment interest, when applicable, is to be calculated from the date payment becomes due. *Clevenger, supra; Braverman, supra; Sherman, supra.* Payment under the surety contract involved here is subject to R.C. 153.56 which provides as follows:

"Any person, firm, or corporation to whom any money is due on account of having performed any labor or furnished any material in the construction * * * of any public building * * * at any time after performing such labor or furnishing such material, * * * shall furnish the sureties on said bond, a statement of the amount due to any such person, firm, or corporation.

"No suit shall be brought against said sureties on said bond until after sixty days after the furnishing of said statement. If said indebtedness is not paid in full at the expiration of said sixty days, said person, firm, or corporation may bring an action in its own name upon such bond, * * *."

Because Horning could not sue Great American until the expiration of the sixty-day period after submission of its statement, the amount owed became due at the end of the sixty-day period. Horning's demand for payment was made on July 10, 1981, and the sixty-day period expired on September 8, 1981. Horning therefore should have been granted prejudgment interest against Great American from September 8, 1981 at the rate provided by R.C. 1343.03(A).

### Summary

Appellant Anderco, Inc. and cross-appellant Great American Insurance Company's assignments of error are overruled. Cross-appellant Horning-Wright Company's assignment of error is sustained. The judgment is modified to add prejudgment interest against Great American Insurance Company as set out above, and, as so modified, the cause is remanded to the trial court for calculation of interest as provided by R.C. 1343.03(A) and amendments thereto and for further proceedings in accordance with this opinion.

*Judgment accordingly.*

Cook and Castle, JJ., concur.

Cook, J., of the Eleventh Appellate District, sitting by assignment in the Ninth Appellate District.

Castle, J., retired, of the Twelfth Appellate District, was assigned to active duty pursuant to Section 6(C), Article IV, Constitution.