CITY OF WILLOUGHBY HILLS,
APPELLEE, *v.* CINCINNATI INSURANCE
COMPANY, APPELLANT.

(No. 10-276 — Decided
February 10, 1986.)

*Barry M. Byron* and *Patrick T. Ryan,* for appellee.
*Robert J. Foulds,* for appellant.

DONOFRIO, J.  This case commenced in the court of common pleas as a declaratory judgment action, filed by plaintiff-appellee, city of Willoughby Hills, based on defendant-appellant's, Cincinnati Insurance Company's, failure to defend appellee in two lawsuits, referred to as *Kondrat* and *Macko,* as required under the terms of an insurance policy purchased by appellee in 1977. After the trial court and the court of appeals found that appellant was not under any duty to defend these actions, the matter was certified to the Ohio Supreme Court. The Supreme Court reversed, holding that appellant was required to defend the *Macko* suit. The case was remanded to the trial court for further hearings regarding the duty to defend in the *Kondrat* action. See *Willoughby Hills* v. *Cincinnati Ins. Co.* (1984), 9 Ohio St. 3d 177.

On remand, the trial court ruled that appellant was required to defend appellee in the *Kondrat* suit. By journal entry dated October 25, 1984, the court held that appellant was liable for all costs incurred in the prosecution of the declaratory judgment action. The court also ordered appellant to pay for interest on expenses incurred by appellee in the defense of the two suits. It is from this judgment that appellant has filed its notice of appeal.

In the interest of clarity, we will quote the Supreme Court in its determination of the *Willoughby Hills* case. Its syllabus states:

"Where the insurer's duty to defend is not apparent from the pleadings in the action against the insured, but the allegations do state a claim which is potentially or arguably within the policy coverage, or there is some doubt as to whether a theory of recovery within the policy coverage has been pleaded, the insurer must accept the defense of the claim."

The issues involved as brought forth by the assignments of error are twofold. The first is whether or not the insured (appellee herein) is entitled to recover from the insurance company (appellant herein) the cost of prosecuting a successful declaratory judgment action to enforce the duty of the appellant to defend. Second, is the appellee herein entitled to prejudgment interest from the date that costs, expenses and attorney fees were paid?

Appellant's first assignment of error states:

"The trial court erred to the prejudice of defendant-appellant in ruling that Cincinnati Insurance Company was obligated to compensate the city of Willoughby Hills for its costs, including expenses and attorney fees, in prosecut-

ing its declaratory judgment action below."

We find this assignment of error has no merit for the following reasons. Essentially, appellant argues that at the time it made its decision not to defend there was no clear legal duty existing for it to defend. It further argues that when the action originally began the established law in the state of Ohio was that appellant had no duty to defend, and that the Ohio Supreme Court, in reversing the trial and the appellate courts, adopted a new standard. We disagree with appellant's contention.

The Supreme Court in *Willoughby Hills, supra,* at 179-180, stated:

"Like the federal system, Ohio has embraced notice pleading through adoption of the Ohio Rules of Civil Procedure. See Civ. R. 8(A) and (E). No longer must a complaint set forth specific factual allegations. All that Civ. R. 8(A) requires is '* * * (1) a short and plain statement of the claim showing that the pleader is entitled to relief, and (2) a demand for judgment for the relief to which he deems himself entitled. * * *'

"In addition, no longer is a trial strictly limited to the issues raised in the pleadings. See Civ. R. 15(B).

"It follows that the pleadings alone may not provide sufficient factual information to determine whether the insurer has an obligation to defend the insured. It remains true that where the pleadings unequivocally bring the action within the coverage afforded by the policy, the duty to defend will attach. *Motorists Mut.* [v. *Trainor* (1973), 33 Ohio St. 2d 41 (62 O.O.2d 402)], *supra; State Farm Fire & Cas. Co.* v. *Pildner* (1974), 40 Ohio St. 2d 101 [69 O.O.2d 509]. However, where the insurer's duty to defend is not apparent from the pleadings in the case against the insured, but the allegations do state a claim which is potentially or arguably within the policy coverage, or there is some doubt as to whether a theory of recovery within the policy coverage had been pleaded, the insurer must accept the defense of the claim. Thus, the 'scope of the allegations' may encompass matters well outside the four corners of the pleadings."

The court's determinations are not based on the new rules of law or a reversal of its original positions but instead those positions result from the advent of notice pleading, in conjunction with the adoption of the Ohio Rules of Civil Procedure, in 1970. See *Willoughby Hills, supra,* at page 179. These rules were in existence from 1970; appellant issued its policy of insurance to appellee in 1974.

Appellant also argues that there must be a showing of bad faith in its refusal to defend and that clearly it did not wrongfully and in bad faith refuse to defend the action.

It is true that many cases hold thus and establish the proposition that the defendant is obligated to pay attorney fees for such wrongful refusal. Recovering of attorney fees was established in *Motorists Mut. Ins. Co.* v. *Trainor* (1973), 33 Ohio St. 2d 41, where the court stated at 47 [62 O.O.2d 402]:

"Although there is some difference of opinion in cases dealing with declaratory judgments brought by an insurer against its insured, we conclude that the insured herein is entitled to recover reasonable attorney fees. This action was brought to serve the sole interest of the insurer and arises out of Motorists' basic unwillingness to defend a suit in which it had a clear legal duty to defend, which even Motorists ultimately acknowledged. The rationale behind allowing attorney fees to date in defending the negligence action is that the insured must be put in a position as good as that which he would have occupied if the insurer had performed its duty. The fact that the insurer brings a declaratory judgment action after it has failed in its duty to defend should not require the in-

sured to incur expenses which he cannot recover. * * *'' (Citations omitted.)

In the instant case it has been determined that the appellant wrongfully refused to defend an action brought against the appellee. Essentially, it made a mistake in judgment. Although it does not appear that appellant so acted because of a lack of good faith or that it was a malicious refusal, appellee expended costs and attorney fees in order to obtain a determination that appellant had a duty to defend.

In *Sykes* v. *Midwestern Indemn. Co.* (1973), 38 Ohio Misc. 64 [63 O.O.2d 257], at paragraph two of the syllabus, the court stated:

"Where an insurance company, under a policy of liability insurance, unjustifiedly refuses to defend an action brought against the insured, and the insured subsequently brings a declaratory judgment action against the insurer to determine its obligation to defend, the insurer is responsible for the attorney fees incurred by the insured, both in the action which the insurer failed to defend and in the declaratory judgment action."

For the foregoing reasons we overrule appellant's first assignment of error.

Appellant's second assignment of error states:

"The trial court erred to the prejudice of the defendant-appellant Cincinnati Insurance Company in its ruling that plaintiff-appellee city of Willoughby Hills is entitled to interest on its judgment from the date that costs, expenses and attorney's fees were paid."

It appears that the trial court awarded interest because the sums due and owing were pursuant to an insurance contract. R.C. 1343.03 provides, in pertinent part, as follows:

"(A) * * * [W]hen money becomes due and payable upon any * * * instrument of writing, * * * the creditor is entitled to interest at the [rate provided by law] * * *."

In *Clevenger* v. *Westfield Companies* (1978), 60 Ohio App. 2d 1 [14 O.O.3d 3], at paragraph one of the syllabus, the court stated:

"An automobile collision insurance policy is an 'instrument of writing' under R.C. 1343.03."

In *Shaker Savings Assn.* v. *Greenwood Village, Inc.* (1982), 7 Ohio App. 3d 141, at 143, the court stated:

"In Ohio, prejudgment interest:

" ' "* * * will not be denied, although the sum due is unliquidated where the amount is capable of ascertainment by mere computation, or is subject to reasonably certain calculations by reference to existing market values; but where the computation is based on market values, such values must be well established and knowledge thereof must be accessible to the debtor. * * *" ' *McKinney* v. *White Sewing Machine Corp.* (App. 1964), 95 Ohio Law Abs. 368, 376 [32 O.O.2d 306]. See *Clark Bros., Inc.* v. *Eliash* (Nov. 18, 1981), Lorain App. No. 3207, unreported, at page 11."

In the instant case the amounts due and owing for attorney fees rendered in the defense of the *Kondrat* and *Macko* actions were capable of similar computation; therefore, the appellee is entitled to prejudgment interest from the date those sums were incurred, as determined by the trial court.

We, therefore, overrule appellant's second assignment of error and accordingly affirm the judgment of the trial court.

The appellee is requesting a remand to the trial court with a directive that it assess expenses including interest for attorney fees incurred by it during this appeal. We find that this is still a matter within the jurisdiction of the trial court to determine the additional cost and attorney fees. We, therefore, remand the matter to the trial court for such determination.

The judgment of the trial court is affirmed, and this cause is remanded for

further proceedings consistent with this opinion and according to law.

*Judgment accordingly.*

O'Neill, P.J., and Cox, J., concur.

O'Neill, P.J., Donofrio and Cox, JJ., of the Seventh Appellate District, sitting by assignment in the Eleventh Appellate District.