AMERITRUST COMPANY, N.A., APPELLANT, *v.* SMITH ET AL., APPELLEES.

(No. 13594—Decided October 26, 1988.)

*John W. Mygrant,* for appellant.
*Richard Sternberg,* for appellees.

MAHONEY, P.J. Appellant, Ameritrust Company ("Ameritrust"), appeals from that part of a judgment rendered by the Summit County Court of Common Pleas which awarded prejudgment interest to appellee, Lawrence Speer. We affirm.

On July 11, 1985, Speer rented a safe deposit box from Ameritrust. On August 13, 1985, an impostor removed the contents of the safe deposit box. The case *sub judice* involved the determination of whether Ameritrust was contractually liable to Speer for the theft and the determination of the contents of the safe deposit box.

The trial court determined that Ameritrust was liable to Speer for the theft of the contents of the safe deposit box. Further, the trial court determined that $262,884.81 worth of coupons were removed from the safe deposit box and not recovered. These determinations are not at issue in the instant case. Rather, at issue in the instant case is a stipulation made by counsel before trial. The stipulation is as follows:

"* * * [I]f Ameritrust has liability to Speer and if that liability is fixed at $262,884.81 and if the Court finds as a matter of law that prejudgment interest shall be awarded from the date of the theft from the safe deposit box, then the parties agree that the correct calculation of such award at the statutory rate would total $323,571.53. That would serve to assist the Court in not having to worry about making calculations of that because we have done that ourselves, Your Honor."

The trial court determined that an award of prejudgment was appropriate. Ameritrust appeals from that determination.

"Assignment of Error

"The court erred in awarding prejudgment interest from the date of theft to Lawrence Speer upon the value of bearer bonds stolen from a safe deposit box at Ameritrust, the Court having based its award of such interest by stipulation."

In *Horning-Wright Co.* v. *Great American Ins. Co.* (1985), 27 Ohio App. 3d 261, 263, 27 OBR 304, 306, 500 N.E. 2d 890, 893, we stated:

"* * * In cases where the dispute is over liability itself and the amount of such potential liability is not in dispute or is readily ascertainable, the court

should grant or instruct the jury to grant prejudgment interest if the plaintiff prevails on the liability issues. * * *" (Citations omitted.)

In this case, the total amount of Ameritrust's liability was uncertain. Speer asserted that there was other property in the safe deposit box other than $262,884.81 worth of coupon bonds which were not recovered. However, Speer was unable to prove this.

Nonetheless, although we were not provided with a transcript of the trial, it appears fairly certain that it was known from the outset that $262,884.81 worth of coupon bonds was stolen and not recovered. Therefore, Speer was entitled to prejudgment interest on that amount.

Accordingly, Ameritrust's assignment of error is overruled.

*Judgment affirmed.*

CACIOPPO, J., concurs.

QUILLIN, J., concurs in judgment only.