DECISION AND JOURNAL ENTRY
Appellant, George A. Horton, Jr., appeals the order of the Summit County Court of Common Pleas, Probate Division, granting relief from judgment pursuant to Civ.R. 60(B). We affirm.
On July 15, 1998, Mr. Horton filed an application to probate the will of Mildred Horton, a.k.a. Mildred G. Horton. On the same day, the trial court journalized an order admitting the will to probate. The following day, Mr. Horton filed an application to release the estate from administration, pursuant to R.C. 2113.03, accompanied by a statement of the assets and liabilities of the estate. One of the documents attached to the statement of assets and liabilities was a letter dated July 15, 1998, which informed the recipient of a potential claim by the Ohio Department of Human Services ("ODHS") and requested information so that the ODHS could determine whether it had a claim to recover Medicaid funds. Notice of the hearing to release the estate from administration was published in The Akron Legal News, a Summit County newspaper, on July 27, 1998.
The estate was released from administration pursuant to an order journalized on August 6, 1998. The ODHS filed objections to the release of the estate from administration on August 26, 1998. On October 1, 1998, the ODHS filed a motion to vacate the entry releasing the estate from administration pursuant to Civ.R. 60(B). In both filings, the ODHS alleged that it had not been notified of Mr. Horton's application to release the estate from administration and that it had been omitted from the list of creditors filed by Mr. Horton. After considerable briefing on the issue and several hearings, the trial court granted the ODHS's Civ.R. 60(B) motion to vacate the entry that released the estate from administration on September 22, 1999. This appeal followed.
Mr. Horton asserts five assignments of error. As they implicate similar issues, namely whether the Civ.R. 60(B) motion was properly granted, we will address them together.
 First Assignment of Error APPELLEE'S OBJECTIONS AND CIV.R. 60(B) MOTION WERE PROCEDURALLY INSUFFICIENT AS A MATTER OF LAW AND THE TRIAL COURT ABUSED ITS DISCRETION AND COMMITTED PREJUDICIAL ERROR WHEN IT FAILED TO OVERRULE, STRIKE OR DISMISS THE MOTIONS.
 Second Assignment of Error CIVIL RULE 60(B) WAS INAPPLICABLE UNDER THE FACTS OF THIS CASE.
 Third Assignment of Error THE TRIAL COURT COMMITTED PREJUDICIAL ERROR WHEN IT CONCLUDED AS A MATTER OF LAW THAT APPELLEE HAD FILED A CLAIM AGAINST THE ESTATE AND GRANTED APPELLEE'S CIVIL RULE 60(B) MOTION BASED THEREON.
 Fourth Assignment of Error CIV.R. 44(A)(1) DOES NOT DETERMINE ADMISSIBILITY OF EVIDENCE, AND THE TRIAL COURT ABUSED ITS DISCRETION BY ADMITTING AND/OR ACCEPTING AND CONSIDERING APPELLEE'S COMPUTER PRINTOUT SUMMARY AS EVIDENCE.
 Fifth Assignment of Error THE TRIAL COURT ABUSED ITS DISCRETION BY GRANTING APPELLEE'S CIV.R. 60(B) MOTION WHEN APPELLEE FAILED TO DEMONSTRATE GROUNDS UNDER ANY OF THE PROVISIONS OF CIV.R. 60(B)(1) THROUGH (5).
 Mr. Horton avers that the ODHS's Civ.R. 60(B) motion was deficient on its face as it contained no citations to authority and failed to state with particularity the grounds thereof and the relief sought pursuant to Civ.R. 7(B)(1). Further, Mr. Horton asserts that Civ.R. 60(B) was inapplicable to the instant case, that the ODHS had not filed a claim against the estate, that the evidence attached to the ODHS's motion was not admissible, and that the ODHS had failed to establish one of the grounds for relief from judgment mandated by Civ.R. 60(B)(1) through (5). We disagree.
Civ.R. 60(B) allows a trial court to grant relief from a "`final judgment, order, or proceeding.'" (Alterations and emphasis omitted.) Hensley v. Henry (1980), 61 Ohio St.2d 277,279, quoting Civ.R. 60(B). The grant of a motion to release an estate from administration pursuant to R.C. 2113.03 is such a final order as it is a proceeding specially created by statute which did not exist prior to 1853 as an action in law or equity and it affects a substantial right. See R.C. 2505.02. Moreover, Civ.R. 60(B) is applicable to proceedings in probate court.Wurzelbacher v. Kroeger (1974), 40 Ohio St.2d 90, 91 (applying Civ.R. 60(B) to a judgment sustaining the validity of a will).
An appellate court reviews a decision on a Civ.R. 60(B) motion under the abuse of discretion standard. Strack v. Pelton
(1994), 70 Ohio St.3d 172, 174. An abuse of discretion is more than an error of judgment, but instead demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Ponsv. Ohio State Med. Bd. (1993), 66 Ohio St.3d 619, 621. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Id.
To prevail on a Civ.R. 60(B) motion, a party must meet three requirements:
 (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken.
 GTE Automatic Elec., Inc. v. ARC Industries, Inc. (1976), 47 Ohio St.2d 146, paragraph two of the syllabus. All three requirements must be met for the motion to be granted. Rose Chevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17, 20. However, "Civ.R. 60(B) is a remedial rule and should be liberally construed[.]" Blasco v. Mislik (1982), 69 Ohio St.2d 684, 685.
In the instant case, we initially must address Mr. Horton's assertions that Civ.R. 60(B) is inapplicable to an order releasing an estate from administration pursuant to R.C. 2113.03. As noted above, Civ.R. 60(B) is applicable to probate proceedings generally and to the instant order. Therefore, the allegations of error by the trial court in this regard are overruled.
Mr. Horton avers that the ODHS's motion was facially deficient. However, the motion contained allegations of fact and cited the Revised Code section that the ODHS relied upon as well as the relief sought. Hence, we conclude that the motion was not facially defective under Civ.R. 7(B) and Loc.R. 57.1(C) of the Court of Common Pleas of Summit County, Probate Division.
Mr. Horton next challenges the amount of evidence, which accompanied the ODHS's Civ.R. 60(B) motion, averring that the trial court should not have proceeded to a hearing on the motion due to the dearth of evidence that accompanied the motion. Further, Mr. Horton challenges the quantum of evidence on which the trial court granted the ODHS's Civ.R. 60(B) motion. As to Mr. Horton's challenge of the sufficiency of the evidence accompanying the Civ.R. 60(B) motion, although "[u]nder Civ.R. 60(B), the movant is entitled to an evidentiary hearing only where the motion and attached affidavits contain allegations of operative facts which would warrant relief under Civ.R. 60(B)," we cannot say that the trial court abused its discretion in holding an evidentiary hearing where a motion was not accompanied by affidavits. Salemv. Salem (1988), 61 Ohio App.3d 243, 245.
Mr. Horton also challenges the quantum of evidence by which the ODHS established its claim for Civ.R. 60(B) relief at the hearing. To be entitled to Civ.R. 60(B) relief, one must establish a meritorious claim or defense to present should relief be granted. GTE Automatic Elec., Inc., 47 Ohio St.2d at paragraph two of the syllabus. Here, to fulfill this burden, the ODHS presented a summary of charges, which it had paid on behalf of Mildred Horton, and an affidavit of Carl Cummins, an employee of the ODHS. The admissibility of such a summary is governed by Evid.R. 1006. This court has previously held that, "for a summary to be admissible, the documents upon which it is based must be either admitted or offered into evidence or their absence explained." Horning-Wright Co. v. Great Am. Ins. Co. (1985),27 Ohio App.3d 261, 262. The ODHS did not offer the documents on which the summary was based into evidence, nor did it explain the absence of the documents. Furthermore, Mr. Horton objected to the trial court's consideration of the computer printout summary of charges. Although, as Mr. Horton avers, the summary may not be admissible at trial, the standard under Civ.R. 60(B) is different.
"[N]either Civ.R. 60(B) itself nor any decision from [the Ohio Supreme Court] has required the movant to submit evidence, in the form of affidavits or otherwise, in support of the motion, although such evidence is certainly advisable in most cases."Rose Chevrolet, Inc., 36 Ohio St.3d at 20-21. "[T]he least that can be required of the movant is to enlighten the court as to why relief should be granted. The burden is upon the movant to demonstrate that the interests of justice demand the setting aside of a judgment normally accorded finality" and "[a] mere allegation * * * without any elucidation, cannot be expected to warrant relief." Id. at 21. Therefore, we cannot conclude that the ODHS did not enlighten the trial court as to the scope and basis of its claim without any elucidation, as it filed both a summary of charges and an affidavit with the trial court. Furthermore, we conclude that Carl Cummins' affidavit, which accompanied the computer printout summary, presented sufficient operative facts for the trial court to conclude that the ODHS had a meritorious claim against Mildred Horton's estate. Hence, we cannot conclude that the trial court abused its discretion in granting the ODHS's Civ.R. 60(B) motion in this regard.
Finally, Mr. Horton avers that the trial court abused its discretion in granting the Civ.R. 60(B) motion because the ODHS failed to demonstrate any of the grounds for relief under Civ.R. 60(B)(1) through (5). However, Civ.R. 60(B)(1) provides that "excusable neglect" is a proper basis for the trial court to vacate its judgment. Moreover, Civ.R. 60(B)(1) is remedial in nature and should be liberally construed so as to strike a balance between finality and the interest of justice. Moore v. EmmanuelFamily Training Ctr., Inc. (1985), 18 Ohio St.3d 64, 68. Where one "`had neither knowledge nor actual notice of the [pending motion]'" which results in default judgment or dismissal, there is a valid Civ.R. 60(B)(1) claim. Id., quoting Doddridge v.Fitzpatrick (1978), 53 Ohio St.2d 9, 13-14.
Although R.C. 2113.03(B) mandates notice for only "the surviving spouse and heirs at law" in a manner and for a length of time which the probate court directs and provides for "notice to all other interested parties by publication," Mr. Horton knew of the possible claim and neglected to notify the ODHS of his motion to release the estate from administration or to list the ODHS as a potential creditor on the statement of assets and liabilities of the estate filed in the trial court. Therefore, we conclude that the trial court did not abuse its discretion in applying Civ.R. 60(B)(1), thereby vacating its prior order releasing the estate from administration, because the ODHS did not receive notice until after Mr. Horton's motion to release the estate from administration had been granted. See Moore,18 Ohio St.3d at 68-71 (holding that failure to give notice of pretrial orders that, due to noncompliance, result in dismissal is a valid basis for Civ.R. 60(B) relief); Doddridge, 53 Ohio St.2d at 13-14
(holding that one is entitled to Civ.R. 60(B) relief where one had not received notice of the filing of a suit). Therefore, we conclude that the record does not demonstrate passion, prejudice, partiality, or the like. Accordingly, Mr. Horton's five assignments of error are overruled.
Mr. Horton's assignments of error are overruled. The order of the Summit County Court of Common Pleas, Probate Division is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
 ___________________________ WILLIAM G. BATCHELDER
BAIRD, J., SLABY, J., CONCUR.