JOURNAL ENTRY and OPINION
{¶ 1} Defendant-appellant C. David Snyder ("Snyder") appeals the decision of the trial court. Having reviewed the arguments of the parties and the pertinent law, we hereby affirm the lower court.
 {¶ 2} According to the case, plaintiff-appellee All-Pak, Inc. ("All-Pak") filed suit against Snyder on June 9, 2003 for $300,000. The lawsuit concerned accounts based on a personal guaranty executed by Snyder. Snyder guaranteed the debt to All-Pak for all goods sold to Snyder International Brewing Group ("SIBG"), a company owned and operated by Snyder. In response to All-Pak's complaint, Snyder filed his answer and counterclaim wherein he alleged fraud and conversion and requested both compensatory and punitive damages.
 {¶ 3} On July 6, 2004, All-Pak moved for summary judgment on both the complaint and the counterclaim. On August 9, 2004, Snyder filed his response in opposition to All-Pak's motion for summary judgment, and on August 23, 2004, All-Pak filed its reply brief in support of the motion for summary judgment. On December 22, 2004, the trial court granted All-Pak summary judgment on Snyder's counterclaim. The trial court also granted All-Pak summary judgment, in part, on its complaint related to Snyder's liability. However, the trial court denied summary judgment as to the damages All-Pak was entitled to receive.
 {¶ 4} Trial was set for September 7, 2004; however, it was rescheduled for April 6, 2005. The case proceeded to a bench trial, and the trial court issued its decision finding in favor of All-Pak. On June 20, 2005, the trial court ruled for All-Pak in the amount of $279,259.68. On July 11, 2005, Snyder filed his notice of appeal.
 {¶ 5} According to the record, All-Pak is a wholesale distributor of glass, metal, and plastic bottles, including beer bottles used by breweries. On February 22, 2000, SIBG and All-Pak entered into a supply agreement whereby All-Pak agreed to supply 100 percent of SIBG's 7 oz., 12 oz., and 40 oz. beer bottles. Later, SIBG began experiencing financial problems. Because of these financial problems, Snyder signed a personal guaranty regarding All-Pak's bottle production. Based upon Snyder's personal guaranty, All-Pak continued to ship and deliver bottles to SIBG. All-Pak never received payment for approximately $275,723.36 of bottles shipped to SIBG.
 {¶ 6} Appellant now appeals the trial court's ruling.
 I. {¶ 7} Appellant's assignments of error state the following:
 {¶ 8} I. "The trial court erred in favor of plaintiff/appellee by granting summary judgment."
 {¶ 9} II. "The trial court erred in favor of plaintiff/appellee by allowing the admission of a summary of alleged debts which did not comport with the requirements of Evid.R. 1006."
 {¶ 10} III. "The trial court erred in its determination of damages in the amount of $300,000 against defendant-appellant C. David Snyder."
 {¶ 11} IV. "The trial court erred in its determination that the personal guarantee was applicable to the post-receivership debt."
 {¶ 12} "II.
 {¶ 13} This court reviews the lower court's granting of summary judgment de novo in accordance with the standards set forth in Civ.R. 56(C). North Coast Cable v. Hanneman (1994),98 Ohio App.3d 434, 440. In order for summary judgment to be properly rendered, it must be determined that:
"(1) no genuine issue of material fact remains to belitigated; (2) the moving party is entitled to judgment as amatter of law; and (3) it appears from such evidence thatreasonable minds can come to but one conclusion and, reviewingsuch evidence most strongly in favor of the party against whomthe motion for summary judgment is made, that conclusion isadverse to the party."
 Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327. See, also, State ex rel. Zimmerman v. Tompkins,75 Ohio St.3d 447, 448, 1996-Ohio-211.
 {¶ 14} Appellant argues that the trial court erred in favor of appellee by granting summary judgment; however, we disagree. The evidence demonstrates that the lower court's actions were proper. In the case at bar, summary judgment was decided on December 22, 2004.
 {¶ 15} The personal guaranty is construed in the same manner as a contract. Stone v. National City Bank (Aug. 24, 1995), Cuyahoga App. Nos. 67579 and 67709.
 {¶ 16} The language used in the agreement in the case at bar provides that Snyder is:
" * * * personally responsible for the payment at maturity ofthe purchase price of all such goods, wares and merchandise soproduced, sold or shipped whether evidenced by open account,acceptance, note or otherwise, up to the sum of $300,000.
 "This is intended to be, and is, a continuing guarantyapplying to all products sold to or manufactured for the abovecompanies, from this date and shall not be revoked except bywritten notice not to make any further advance on the security ofthis guaranty * * *."[1]
 {¶ 17} Appellant argues that the guaranty contained limitations, specifically covering 7 oz. green bottles. However, there are no limitations included in the personal guaranty related to the type of bottles sold and shipped. The personal guaranty applied to all "goods, wares and merchandise." Id. Moreover, no time limitation was included in the personal guaranty. We find the language in the guaranty to be straightforward; it is not confusing or ambiguous.
 {¶ 18} We find the evidence in the record shows the trial court did not err in granting appellee's motion for summary judgment. The evidence failed to establish a disputed genuine issue of material fact. We find the court's decisions regarding summary judgment to be proper.
 {¶ 19} Appellant's first assignment of error is overruled.
 {¶ 20} Appellant argues in his second assignment of error that the trial court erred in favor of appellee by allowing the admission of a summary of debts which did not comport with Evid.R. 1006. We do not find merit in appellant's argument.
 {¶ 21} A decision to admit or exclude evidence will be upheld absent an abuse of discretion. Beard v. Meridia Huron Hosp.,106 Ohio St.3d 237, 239, 2005-Ohio-4787. "The term abuse of discretion connotes more than an error of law or judgment. It implies that the court's attitude is unreasonable, arbitrary, or unconscionable." Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
 {¶ 22} Evid.R. 1006, Summaries, states the following:
"The contents of voluminous writings, recordings, orphotographs which cannot conveniently be examined in court may bepresented in the form of a chart, summary, or calculation. Theoriginals, or duplicates, shall be made available for examinationor copying, or both, by other parties at a reasonable time andplace. The court may order that they be produced in court."
 {¶ 23} When Evid.R. 1006 went into effect, it made no change in prior Ohio law which required that in order for a summary to be admissible, the documents upon which it is based must be either admitted or offered into evidence or their absence explained. Horning-Wright Co. v. Great American Ins. Co.
(1985), 27 Ohio App.3d 261.
 {¶ 24} The complaint in this case was founded on the first and second accounts. The complaint states the following:
"The defendant owes to Plaintiff per his Personal Guaranty forthe unpaid account of Snyder International Brewing Group et al,the sum of $275,723.36, as per the copy of the accountattached hereto as Exhibit `3.'
 "The defendant further owes to the plaintiff per his guaranty,which has a $300,000.00 total limit, the post-receivershipaccount balance of $24,276.64, although the actual accountbalance is $36,984.06. See the copy of the account attachedhereto as Exhibit `4.'" (Emphasis added). (See Complaint, paragraphs 4, 5).
 {¶ 25} Appellee's complaint put appellant on notice that All-Pak was seeking to recover on these accounts. All-Pak's oral and documentary evidence related to the accounts were admissible and properly accepted by the lower court. Nothing in the record demonstrates that the court's actions were unreasonable, arbitrary, or unconscionable.
 {¶ 26} Accordingly, appellant's second assignment of error is overruled.
 {¶ 27} Appellant argues in his third assignment of error that the trial court erred in its determination of damages. We do not find appellant's argument to be well placed.
 {¶ 28} The evidence and testimony at trial established that appellant is liable for $275,723.36 for prereceivership debt, as set forth in the first account, and $36,984.06 for postreceivership debt, as set forth in the second account, such that appellant is liable for a total of $300,000.
 {¶ 29} The lower court's determination that appellant is liable to All-Pak for $279,259.68 was proper. The $279,259.68 judgment took into account a credit of $20,740.32 for overpayment of the amortized cost of the Owens Brockway mold. The lower court subtracted the $20,740.32 overpayment from the $300,000 at issue.
 {¶ 30} Despite appellant's claims, the evidence demonstrates that the lower court's actions were proper. The personal guaranty applied to all "goods, wares and merchandise," not just 7 oz. green glass.[2] The amounts set forth in the accounts are still due and owing.[3] All credits were applied to the accounts.[4]
 {¶ 31} In reviewing the trial court's decision, this court must presume that the findings of the trier-of-fact were correct.Seasons Coal Co., Inc. v. City of Cleveland (1984),10 Ohio St.3d 77, 80. We find that the evidence demonstrates that the lower court's decision was proper and not against the manifest weight of the evidence.
 {¶ 32} Accordingly, appellant's third assignment of error is overruled.
 {¶ 33} Appellant argues in his final assignment of error that the trial court erred in its determination that the personal guaranty applied to the postreceivership debt. Again, we do not find merit in appellant's argument.
 {¶ 34} Appellant failed to revoke the personal guaranty. We find that the trial court correctly determined appellant was liable for the postreceivership debt. It is beyond dispute that the personal guaranty signed by appellant provides that it is "acontinuing guaranty applying to all products sold to or manufactured for the above companies, from this date and shallnot be revoked except by written notice not to make any further advances on the security of this guaranty * * *."[5]
(Emphasis added.)
 {¶ 35} Appellant had both the option and the power to revoke the personal guaranty at any time, including when SIBG entered receivership. Despite having the authority to revoke the guaranty after SIBG entered receivership, appellant never revoked the personal guaranty. Because appellant signed the personal guaranty and never revoked it even after SIBG entered receivership, the lower court properly found that appellant is liable for the outstanding account of $36,984.06 for the postreceivership debt. Therefore, the lower court's decision was proper and not against the manifest weight of the evidence.
 {¶ 36} Accordingly, appellant's fourth assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Kilbane, J., and Blackmon, J., concur.
[1] See personal guaranty.
[2] See personal guaranty.
[3] See Tr. pp. 87, 104.
[4] See Tr. pp. 87, 104.
[5] See personal guaranty.