ALLSTATE INSURANCE COMPANY, Appellee,

v.

VASQUEZ et al., Appellants.

[Cite as *Allstate Ins. Co. v. Vasquez* (1991), 74 Ohio App.3d 564.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 60695.

Decided June 17, 1991.

*Fredric E. Kramer,* for appellee.

*George V. McCullough,* for appellants.

*Per Curiam.*

Plaintiff-appellee, Allstate Insurance Company, filed a complaint January 20, 1989 for a declaratory judgment in Cuyahoga County Common Pleas Court case No. 163719, specifically requesting the court to determine whether Allstate owed defendants-appellants Fernando and Rose Vasquez a duty to defend and indemnify them in a tort claim pursuant to their Allstate homeowner's insurance policy.[1] The Vasquezes filed an answer, counterclaim and third-party complaint against the plaintiff's sales agent, John Kipp.

The underlying tort claim had been previously filed against the Vasquezes in Cuyahoga County Common Pleas Court case No. 158410 by the Suchans on behalf of their minor child, who apparently sustained a fractured femur on the Vasquezes' property while in the care of Mrs. Vasquez whose home business was babysitting. It is undisputed by the parties that Allstate assigned an attorney to undertake the defense of the Suchan tort action on behalf of the Vasquezes.

The relevant facts contained in the App.R. 9(A) record follow:

The pleadings indicate Rose Vasquez admitted she was regularly engaged in the business of day care for children conducted in her home. On or about November 19, 1984, Rose Vasquez was babysitting for a child when the child was injured while in her care and a tort claim filed on the child's behalf by her parents against appellants, the Vasquezes, for $125,000.

Thereafter, there were two issues decided in the trial court in the declaratory judgment action in the case *sub judice,* to wit:

1. On the complaint, the trial court found, as a matter of law, that the Allstate homeowner's insurance policy in effect at the time of the accident in November 1984 was unambiguous and specifically *excluded coverage,* since babysitting for compensation was a business activity contemplated by the written exclusion in the policy; and

2. On the counterclaim and third-party action, the jury, however, found that Allstate's agent, John Kipp, apparently, through verbal assurances to

---

1. The Vasquezes' homeowner's policy was in force at all times pertinent herein.

appellants, "did bind Allstate Insurance Company to provide coverage for the babysitting service being conducted by Mrs. Vasquez."

Thereafter, on June 14, 1990, appellants filed a motion with the trial court to recover attorney fees incurred in their defense of the declaratory judgment from Allstate.

The trial court denied the motion, from which the Vasquezes timely appeal, assigning one error as follows:

"Trial court erred in denying defendants' motion for attorney fees and expenses and denying requests for payment of extraordinary costs."

Appellants' sole assignment of error lacks merit.

Ohio generally follows the "American Rule" regarding recovery of attorney fees by the prevailing party in a civil action, which requires statutory authorization for awarding such fees. *State ex rel. Caspar v. Dayton* (1990), 53 Ohio St.3d 16, 558 N.E.2d 49; *Sorin v. Bd. of Edn.* (1976), 46 Ohio St.2d 177, 75 O.O.2d 224, 347 N.E.2d 527. An exception to the general rule by judicial interpretation has developed when an insurer *wrongfully refuses to defend a tort action* brought against its insureds under the policy. See *Willoughby Hills v. Cincinnati Ins. Co.* (1984), 9 Ohio St.3d 177, 9 OBR 463, 459 N.E.2d 555; *Motorists Mut. Ins. Co. v. Trainor* (1973), 33 Ohio St.2d 41, 62 O.O.2d 402, 294 N.E.2d 874.

 The duty to provide a defense in a tort action against insureds arises when the allegations of the complaint state a claim which is potentially or arguably within the policy coverage, or there is some doubt as to whether a theory of recovery within the policy had been pleaded. *Willoughby Hills v. Cincinnati Ins. Co.* (1986), 26 Ohio App.3d 146, 26 OBR 363, 499 N.E.2d 31; see, also, *Preferred Mut. Ins. Co. v. Thompson* (1986), 23 Ohio St.3d 78, 23 OBR 208, 491 N.E.2d 688.

As the Ohio Supreme Court has succinctly stated that the rationale behind allowing attorney fees to the insureds in a declaratory judgment action is to put the insureds in the same position they would have occupied if the insurer had performed its duty to defend under the policy. *Motorists Mut. Ins. Co. v. Trainor, supra,* 33 Ohio St.2d at 47, 62 O.O.2d at 405, 294 N.E.2d at 878.

 The facts in the case *sub judice* clearly indicate Allstate did undertake the defense of the Vasquezes in the Suchan tort action in spite of the fact their written policy precluded liability coverage for conducting a business in the home. The Allstate homeowner's policy provided to the Vasquezes stated on page 21 the following exclusions:

"8. **We** do not cover **bodily injury** or **property damage** arising out of the past or present **business** pursuits of an **insured person.**

"* * *

"11. **We** do not cover any liability an **insured person** *assumes* under any *unwritten* contract or agreement. *We will not cover any contract or agreement in connection with a business of an insured person.*" (Emphasis added.)

The construction of written contracts is a matter of law. *Alexander v. Buckeye Pipe Line Co.* (1978), 53 Ohio St.2d 241, 7 O.O.3d 403, 374 N.E.2d 146. The plain language of the contract controls. *Id.*

From a clear reading of the four corners of the homeowner's policy supplied by Allstate to the Vasquezes, the trial judge concluded as a matter of law Allstate had *no contractual duty to defend* the Vasquezes in the tort action brought by the Suchans. Even the most unsophisticated layman can read the policy exclusions and conclude that a babysitting business or any business conducted in the home was not covered by the Allstate policy. Nevertheless, Allstate undertook the defense of the Suchan tort claim while simultaneously questioning its duty to so do by filing this declaratory judgment action as was its right.

Implicit in all the cases dealing with the rights of an insured to recover attorney fees in a declaratory judgment action is that a *breach of contract* must occur under the policy. As a precursor to the award of attorney fees, the insurance company must breach the contract by wrongfully or unjustifiably refusing to defend the insureds in a tort action under the policy. *Motorists Mut. Ins. Co. v. Trainor, supra; Willoughby Hills v. Cincinnati Ins. Co., supra.*

In *Motorists Mut. Ins. Co. v. Trainor, supra,* 33 Ohio St.2d at 46–47, 62 O.O.2d at 404–405, 294 N.E.2d at 877–878, the Ohio Supreme Court held the insureds, the Trainors, had a right to a "prompt and diligent defense" in a tort claim and stated as follows:

"We determine that Motorists had a duty to defend [in the tort action under the policy], and failed to carry out that duty. It is from this lack of action on the part of Motorists and the declaratory judgment action which it filed, that the trial court and the Court of Appeals allowed the Trainors' expenses, including attorney fees incurred *in the defense of both actions.*" (Emphasis added.)

Allstate did not breach the contract but in good faith undertook to defend the Suchan tort claim. We fail to see how Allstate has done anything wrong or violated any of its insureds' rights in seeking to define its liability by filing a declaratory judgment action. Thus, this declaratory judgment action did not differ in any respects from other civil litigation seeking to interpret contractu-

al rights or duties in which attorney fees are precluded. Accordingly, we decline to extend the award of attorney fees to a declaratory judgment action filed on behalf of an insurer beyond its present limitations, requiring a breach of the insurer's duty to defend the insured in a tort claim based upon the policy, in the absence of statutory authorization.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

KRUPANSKY, C.J., DYKE and NAHRA, JJ., concur.