GENERAL ACCIDENT INSURANCE CO., Appellee and Cross–Appellant,

v.

INSURANCE COMPANY OF NORTH AMERICA, Appellant and Cross–Appellee.

[Cite as *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.* (1993), 90 Ohio App.3d 490.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 62816.

Decided Aug. 23, 1993.

*Arter & Hadden, Hugh M. Stanley, Jr.* and *Frank R. Osborne;* and *James L. Malone,* for appellee and cross-appellant.

*Gallagher, Sharp, Fulton & Norman, Michael R. Gallagher* and *Mark B. Smith,* for appellant and cross-appellee.

---

SPELLACY, Presiding Judge.

Insurance Company of North America ("INA") appeals the partial denial of its final summary judgment motion regarding prejudgment interest and attorney fees. The trial court granted the motion in part, allowing recovery of INA's $1,000,000 settlement contribution.

INA raises the following assignments of error:

"I. The trial court erred by denying INA's claim for prejudgment interest.

"II. The trial court erred by denying INA's claim for attorneys' fees."

Finding INA's first assignment of error to have merit, we reverse.

General Accident Insurance Company of America ("General Accident") has filed a cross-appeal and raises the following assignment of error:

"Final summary judgment should not have been entered in favor of INA and against General Accident because the underlying basis for that judgment was an incorrect prior ruling by this court."

Finding the assignment of error to lack merit, we reaffirm the earlier decision of this court.

## I

This appeal has its genesis in litigation brought by Bethlehem Steel in Maryland regarding the defective construction of a coke oven battery. The defendants demanded defense and indemnity from their insurers including General Accident and INA. General Accident assumed the defense alone when INA denied that the allegations in the complaint fell within its coverage. General Accident was the professional liability insurer and INA the comprehensive general liability insurer.

INA contributed the limits of its policy, $1,000,000, to a settlement of the case, reserving its right to later litigate the issues of indemnification and its duty to defend. INA's duty to defend was resolved when the trial court granted INA's partial summary judgment on the issue after both General Accident and INA sought a declaration of those rights. That decision was affirmed upon appeal to this court in *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.* (1990), 69 Ohio App.3d 52, 590 N.E.2d 33. A motion to certify the record to the Supreme Court of Ohio was overruled in (1991), 57 Ohio St.3d 705, 566 N.E.2d 170.

The trial court then granted INA's motion for final summary judgment in part, ordering the return of the $1,000,000 contribution. The motion for prejudgment interest and attorney fees was denied.

## II

█ General Accident's cross-appeal will be addressed first, as it asks this court to overturn its previous decision that INA did not have a duty to defend the Bethlehem litigation. General Accident contends that this court incorrectly limited itself to a study of the four corners of the Bethlehem complaint in determining the damages for which Bethlehem sought compensation. General Accident claims that the prior decision was unjust.

█ The doctrine of the law of the case provides that a decision of a reviewing court remains the law for that case as to all relevant legal questions in subsequent proceedings both at trial and appellate levels unless that rule of practice achieves an unjust result. *Weir v. Kebe* (1985), 29 Ohio App.3d 53, 29 OBR 62, 503 N.E.2d 177. The rule ensures consistency in the results of the case, avoids excessive litigation, and preserves the structure of superior and inferior courts as designed by the Ohio Constitution. *Nolan v. Nolan* (1984), 11 Ohio St.3d 1, 3, 11 OBR 1, 2, 462 N.E.2d 410, 412. An appellate court "may choose to reexamine the law of the case it has itself previously created, if that is the only means to avoid injustice. However, such reexaminations must not be undertaken lightly by an appellate court, nor encouraged as a common course of conduct for unsuccessful litigants." *Weaver v. Motorists Mut. Ins. Co.* (1990), 68 Ohio App.3d 547, 549, 589 N.E.2d 101, 102.

After examining the record in this appeal and considering General Accident's arguments for reconsideration, we conclude that there was no error in the previous decision of this court. The three occurrences of diminution of the value of the mill, separate and distinct property damage, and loss of the use of the mill were considered by this court and rejected as not bringing the Bethlehem damages within INA's coverage.

We find no reason to undertake the unusual step of changing the law of the case on INA's duty to defend. The damages to the Bethlehem ovens were not covered by INA's policy.

General Accident's assignment of error is overruled.

The previous judgment of this court is reaffirmed.

## III

█ In its first assignment of error, INA contends that the trial court erred by not awarding prejudgment interest from the date of the settlement in the

Bethlehem Steel case. INA argues that it contributed $1,000,000 to assist in settling a claim its policy did not cover and, therefore, should be awarded interest to recover the loss of the use of that money.

R.C. 1343.03(A) governs this case. It provides:

"In cases other than those provided for in sections 1343.01 and 1343.02 of the Revised Code, when money becomes due and payable upon any bond, bill, note, or other instrument of writing, upon any book account, upon any settlements between parties, upon all verbal contracts entered into, and upon all judgments, decrees, and orders of any judicial tribunal for the payment of money arising out of tortious conduct or a contract or other transaction, the creditor is entitled to interest at the rate of ten per cent per annum, and no more, unless a written contract provides a different rate of interest in relation to the money that becomes due and payable, in which case the creditor is entitled to interest at the rate provided in that contract."

In order for a party to be entitled to prejudgment interest, the underlying debt must be liquidated. *Nursing Staff of Cincinnati, Inc. v. Sherman* (1984), 13 Ohio App.3d 328, 330, 13 OBR 406, 408, 469 N.E.2d 1031, 1034. A debt is liquidated if it is certain and ascertainable. *Mahon–Evans Realty, Inc. v. Spike* (1986), 33 Ohio App.3d 268, 271, 515 N.E.2d 953, 956. The running of interest is not delayed if the debtor denies owing the debt. If the amount of the debt is clear and only liability in dispute, interest runs from the time the debt was due and payable, as eventually found by the court. *Braverman v. Spriggs* (1980), 68 Ohio App.2d 58, 60, 22 O.O.3d 47, 48, 426 N.E.2d 526, 527.

The purpose and rationale for awarding prejudgment interest is to make an injured party whole. An award of prejudgment interest is appropriate where one party clearly delays payment of a liquidated debt to another. *Indus. Enterprises, Inc. v. Mark I Molded Plastics, Inc.* (July 10, 1987), Lucas App. No. L–86–237, unreported, 1987 WL 13927.

INA argues that it is entitled to interest from the date of settlement. INA contends that prejudgment interest has been awarded in breach of contract cases and disputes involving insurance policy proceeds. INA maintains that its agreement with General Accident to contribute to the settlement implied that interest would be awarded if INA prevailed on the issue of duty to defend.

The sole determination to be made on this issue is when the $1,000,000 debt became due. Prejudgment interest is calculated from the date the debt becomes due. *Horning–Wright Co. v. Great Am. Ins. Co.* (1985), 27 Ohio App.3d 261, 264,

27 OBR 304, 307, 500 N.E.2d 890, 893. INA did not include any provision for interest when it agreed to contribute the money, but rather reserved its right to litigate its coverage in the matter. INA first asked for interest in its counterclaim filed August 30, 1985. INA argues that interest was implied in its earlier agreement to contribute to the settlement under its reservation of rights and that interest should be calculated from March 13, 1985, the date of tender.

This court recognizes the time value of money. Without any provision for interest, INA will not be made whole by the return of the $1,000,000, as it lost the use and value of that sum at the moment of settlement. The more prudent course would have been for INA and General Accident to have addressed the issue of interest in the settlement agreement, both as to whether it would be paid and rate. However, it is not necessary for the contract, either written or verbal, to explicitly provide for interest. It is required only that the debt be liquidated and due and payable.

There is no dispute that the debt was liquidated, only when it became due. We hold the debt became due at tender on March 13, 1985. Otherwise, INA would be penalized for entering into the settlement agreement by essentially giving an interest-free loan to General Accident. The interest compensates INA for the loss of the $1,000,000.

INA is entitled to interest calculated at the statutory rate from March 13, 1985.

INA's first assignment of error has merit.

## IV

In its second assignment of error, INA contends that it was entitled to attorney fees and expenses. INA bases this contention on its contribution to the settlement, in which it is subrogated to the insureds' right to seek full indemnification from General Accident. INA argues that this is necessary in order to make it whole.

The general rule in Ohio is that, absent a statutory provision allowing attorney fees as costs, the prevailing party is not entitled to such an award unless the party against whom the fees are taxed was found to have acted in bad faith. *Sorin v. Warrensville Hts. School Dist. Bd. of Edn.* (1976), 46 Ohio St.2d 177, 75 O.O.2d 224, 347 N.E.2d 527. There is an exception to that general rule when an insurer wrongfully refuses to defend an action against its insured. *Motorist Mut. Ins. Co. v. Trainor* (1973), 33 Ohio St.2d 41, 47, 62 O.O.2d 402, 405, 294 N.E.2d 874, 878. This right derives from the insurer's refusal to defend not its failure to

pay money. *Turner Constr. Co. v. Commercial Union Ins. Co.* (1985), 24 Ohio App.3d 1, 5, 24 OBR 22, 26, 492 N.E.2d 836, 840.

In *Allstate Ins. Co. v. Vasquez* (1991), 74 Ohio App.3d 564, 599 N.E.2d 756, this court upheld the denial of attorney fees and expenses where an insurance company filed a declaratory action seeking a determination of whether it owed its clients a duty to defend and indemnify them in a tort claim. The company did defend the clients in the action. The clients prevailed on the issue of defense and indemnification and asked for attorney fees from the insurance company. This court found that the insurance company had defended its clients and had not violated their clients' rights by filing the declaratory judgment action. This court declined to extend the award of attorney fees in a declaratory action filed on behalf of an insurer beyond the requirement that the insurer breach its duty to defend an insured in a tort claim based on its policy.

Both INA and General Accident sought a declaration of INA's duty to defend and indemnify under its policy. There was no breach of an insurer's requirement to defend its insured present in the action between the two insurance companies. INA was defending its own rights in the action. We find no distinction between the instant case and any other dispute over the terms of a contract. There is no justification for departing from the traditional rule that the prevailing party is not entitled to attorney fees and expenses.

INA's second assignment of error is overruled.

*Judgment affirmed in part,*
*reversed in part*
*and cause remanded.*

BLACKMON and PORTER, JJ., concur.