**PROGRESSIVE INSURANCE COMPANY, Appellee,**

v.

**TARPEH et al., Appellants.**

[Cite as *Progressive Ins. Co. v. Tarpeh* (1996), 116 Ohio App.3d 634.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 70396.

Decided Dec. 16, 1996.

*Law Offices of Eugene G. Gillis* and *Andrew H. Isakoff,* for appellee.

*Agyeman & Agyeman, Kojo Agyeman* and *Theresa H. Agyeman,* for appellants.

---

PATRICIA ANN BLACKMON, Presiding Judge.

Defendants-appellants, Etmonia Tarpeh and Ben Boateng, appeal a decision from the trial court in a declaratory judgment action filed against them by plaintiff-appellee, Progressive Insurance Company. Progressive filed the declaratory judgment action in order to determine whether the contract of insurance between Progressive and Tarpeh required Progressive to indemnify appellants for claims arising from an automobile accident. Tarpeh and Boateng assign the following six errors for our review.

"I. The trial court erred to the prejudice of appellants in ruling that appellee does not owe appellants a duty to defend and/or indemnify because the court's interpretation of the policy interjects renders [*sic*] the policy without coverage under any circumstance.

"II. The trial court erred to the prejudice of appellants in failing to construe the term 'any person' liberally in appellants' favor and strictly against the appellee.

"III. The trial court erred to the prejudice of appellants in failing to give the term 'any person' the special meaning it has within the insurance industry.

"IV. Appellee is estopped from denying coverage since it undertook appellants' defense to appellants' prejudice without a reservation of rights.

"V. Regardless of whether 'any person' may be interpreted to include 'the insured person,' the issue of whether appellants had permission to use the car is one of fact, and the trial court's disposition of that issue in a summary judgment was in error prejudicial to appellants.

"VI. The trial court erred to the prejudice of appellants in failing to grant appellants' motion for summary judgment and motion for attorney fees."

After reviewing the record and the arguments of the parties, we affirm the decision of the trial court. The apposite facts follow.

Etmonia Tarpeh was the named insured on an automobile insurance policy with Progressive Insurance Company. Her live-in boyfriend,[1] Bob Boateng, was listed on the policy as an additional driver. Boateng was employed at Accurate Transmission. In September 1993, Etta Reynolds took her 1986 Buick Century to Accurate Transmission for service. Once there, she talked to Boateng, who told her to call him in a few days to see how the work was progressing.

Several days later, Reynolds called Boateng and was told that the car was ready. Reynolds was unable to return to the shop that day and told Boateng she would get in touch with him the following day. The next day, on or about September 23, 1993, Boateng drove Reynolds's car to his apartment on a personal errand and collided with a car driven by Manny Liotta.

Liotta filed suit against Boateng in Euclid Municipal Court, claiming $3,813 in damages. Progressive defended Boateng against the claim, which resulted in a confessed judgment of $2,650 against Boateng. Thereafter, Progressive filed a declaratory judgment action against Tarpeh and Boateng,[2] seeking a determination of whether it had a duty to defend or indemnify Boateng for damage claims arising from the accident.

Progressive moved for summary judgment. It asserted that the claim against Boateng fell within the following exclusion found in Part I of the insurance policy:

"Bodily injury and property damage liability insurance coverage and our duty to defend do not apply to bodily injury or property damage caused by any person using your insured car or a non-owned car without the permission of the owner or a person having lawful possession; or caused by any person exceeding the scope of permission granted."

After determining that the exclusion applied to Boateng, the trial court granted the motion. This appeal followed.

In oral argument before this court, Progressive conceded that Boateng was an insured person under the policy. We must determine whether "any person" as used in Exclusion 3 of Part I of the insurance policy includes an "insured person"

---

1. Boateng described Tarpeh as his "wife" but stated the two were "common-law married" and had not taken any marriage vows.

2. Both Tarpeh and Boateng are appellants in this case. However, because Boateng was involved in the accident, we will refer to appellants as "Boateng."

and, if so, whether Boateng operated a nonowned car without the consent of its owner or exceeded the scope of the owner's permission.

Progressive argues that "any person" includes "an insured person." Boateng argues that if "an insured person" is substituted for "any person," the exclusion would produce an absurd result by precluding coverage for an insured person operating his own car. This argument is irrelevant because, in this case, the car driven by Boateng was not an insured person's car but a nonowned car. While Part I of the policy makes clear that an insured person is covered for driving a nonowned car, the exclusion clearly provides there is no coverage if the nonowned car is being operated without the permission of the owner or outside the scope of the permission granted.

Tarpeh cites *King v. Nationwide Ins. Co.* (1988), 35 Ohio St.3d 208, 519 N.E.2d 1380, and argues that the trial court should have construed the term "any person" liberally in her favor and against Progressive. We disagree. "When the provisions of an insurance contract are clear and unambiguous, courts cannot enlarge the coverage by implying terms that are not in the agreement." *Cincinnati Ins. Co. v. Kramer* (1993), 91 Ohio App.3d 528, 531, 632 N.E.2d 1333, 1334. The term "any person" is clear and unambiguous. Because it is not reasonably susceptible of more than one interpretation, the rule in *King* does not apply. Because the exclusion clearly denies coverage to any person driving a non-owned car without the owner's permission, the court correctly interpreted the exclusion to apply to Boateng.

Boateng also argues that the trial court erred in failing to give the term "any person" the special meaning it has within the insurance industry. In support of his argument, he cites *State Auto. Mut. Ins. Co. v. Hawk* (Mar. 17, 1986), Stark App. No. CA–6751, unreported, 1986 WL 3922, and *Preston v. Tromm* (Apr. 26, 1990), Marion App. No. 9–88–31, unreported, 1990 WL 61748. Each case arose from an accident involving a teenage boy who got into a car accident while driving his parents' car. Both policies defined a "covered person" as *"you or any family member* for the ownership, maintenance or use of any auto or trailer" or "any person using your covered auto." Both policies excluded coverage for "any person using a vehicle without a reasonable belief that the person is entitled to do so." The cases held that, for purposes of the exclusion, "any person" means any person other than the insured person. However, these cases are distinguishable in that neither of them involved a non-owned car. In addition, the *State Auto.* court specifically limited its holding to the particular facts of that case.

As discussed above, the policy provides coverage for an insured person with respect to an accident involving a nonowned car. The exclusion denies coverage

for bodily injury or property damage caused by "any person using * * * a non-owned car without the permission of the owner * * * or caused by any person exceeding the scope of permission granted." The exclusion makes clear that the issue of permission is relevant in cases when a nonowned car is involved.

Having determined that the term "any person" includes an insured person, we must determine whether Boateng was operating a nonowned car without the owner's permission or exceeding the scope of the owner's permission. If so, the trial court was correct in finding that the exclusion was applicable to the claim against Boateng.

Boateng argues that there was an issue of fact whether Boateng had permission to drive the car from its owner, Etta Reynolds. However, in her deposition, Reynolds stated that she gave Boateng permission to operate her car only for road-testing purposes:

"Q: And just to clarify, was it your understanding when you left the vehicle with Mr. Boateng that the permission given, in terms of operating the vehicle, was for the purpose of road testing the vehicle?

" * * *

"A: That was the purpose. That was the only purpose I could think of for somebody to go out in my car for. That's all I thought he could use my car for was to road test it. And I had no thought that he would use it for any other purpose, and when I was told it was ready and that was it."

The evidence is undisputed that Boateng was not road testing the vehicle at the time of the accident but was driving it for a personal errand.

"Q: And at the time of the accident you were not road testing that car?

" * * *

"A: Not at all, no, I was going home to my apartment.

"Q: And at the time of the accident you weren't engaged in your business, you were just going home to run some personal errands, is that correct?

" * * *

"A: That's correct."

This evidence clearly shows that Boateng was "exceeding the scope of the permission granted" by Reynolds and, therefore, fell within the exclusion.

■ In light of our determination that summary judgment was properly granted in favor of Progressive, the only remaining issue is whether the trial court erred in denying Boateng's motion for attorney fees. "The rationale behind allowing attorney fees to the insureds in a declaratory judgment action is to put the insureds in the same position they would have occupied if the insurer had

performed its duty to defend under the policy." *Allstate Ins. Co. v. Vasquez* (1991), 74 Ohio App.3d 564, 567, 599 N.E.2d 756, 757, citing *Motorists Mut. Ins. Co. v. Trainor* (1973), 33 Ohio St.2d 41, 47, 62 O.O.2d 402, 405, 294 N.E.2d 874, 878:

"Implicit in all the cases dealing with the rights of an insured to recover attorney fees in a declaratory judgment action is that a *breach of contract* must occur under the policy. As a precursor to the award of attorney fees, the insurance company must breach the contract by wrongfully or unjustifiably refusing to defend the insureds in a tort action under the policy." (Emphasis *sic.*)

In this case, Progressive fulfilled its contractual duty to defend Boateng in the tort action filed against him. Consequently, Boateng is not entitled to an award of attorney fees.

Finding no merit to any of Boateng's assignments of error, we affirm the decision of the trial court.

*Judgment affirmed.*

PORTER and TIMOTHY E. MCMONAGLE, JJ., concur.