{¶ 109} Believing we provided the trial court, and the parties, with an incorrect and unworkable statement of the applicable law inJacobs I, leads me to conclude we should correct our prior error. That error may have affected the evidence Ms. Jacobs chose to present regarding all defendants, as well as her evidence on damages. I further believe Ms. Jacobs presented evidence sufficient to meet the actual malice standard when Mr. Budak's conduct is considered. On these bases, I would reverse and remand.
 {¶ 110} As the majority correctly states, reviewing courts are, generally, bound by the law of the case. However, "[a]n appellate court `may choose to reexamine the law of the case it has itself previously created, if that is the only means to avoid injustice.'" Gen. Acc. Ins.Co. v. Ins. Co. of N. Am. (1993), 90 Ohio App.3d 490, 493, quotingWeaver v. Motorists Mut. Ins. Co. (1990), 68 Ohio App.3d 547, 549. InJacobs I, we held: (1) that the dispute at issue is a labor dispute; (2) that a plaintiff in a libel or defamation case arising from a labor dispute must prove the defendant acted with "actual malice," pursuant toLinn and Dale; and, (3) that the subject newsletter article was libel per se, requiring no pleading or proof of special damages.
 {¶ 111} This cannot be interpreted, or applied. To prove actual malice, a plaintiff in a libel or defamation action must show, by clear and convincing evidence, that the defendant acted with knowledge that the statements made were false, or in reckless disregard as to whether they were false. Jackson v. Columbus, 117 Ohio St.3d 328, *Page 29 2008-Ohio-1041, at ¶ 9-10. The plaintiff must also prove "actual damages" — i.e., that he or she suffered discernable harm from the false publication. Cf. Linn at 58, fn. 2. And yet, libel per se means there is a presumption of damages. In Jacobs I, we ordered the trial court and the parties, therefore, to proceed upon an impossible basis. Pursuant to the law of the case, Ms. Jacobs had the right to rely on a presumption of damages, if she could prove the newsletter article was false. Pursuant to the law of the case, appellees had the right to require Ms. Jacobs to prove they published with actual malice.
 {¶ 112} In the end, the trial court, effectively, ignored our unworkable mandate from Jacobs I, and applied an actual malice standard. While perhaps practically unavoidable, I question its power to do this. As noted above, reviewing courts may, to avoid injustice, alter their own prior law of the case; trial courts, however, are bound by appellate mandates, "[a]bsent extraordinary circumstances, such as an intervening decision by the Supreme Court * * * [.]" Nolan, supra, at the syllabus. I question whether our error in Jacobs I, however palpable, is the sort of extraordinary circumstance provided for by Nolan.
 {¶ 113} Since this case arises in the context of a labor dispute, I believe the actual malice standard should apply. But, in Jacobs I, we authorized Ms. Jacobs to rely on a presumption of damages, by characterizing the alleged defamatory statements as libel per se. In applying the actual malice standard, the trial court required her to try a different case than authorized and required by Jacobs I. This is unjust, and the fault lies with this court, not the trial court or the parties.
 {¶ 114} Consequently, I would reverse and remand for a new trial. *Page 30 
 {¶ 115} I further believe Ms. Jacobs presented sufficient evidence of actual malice on the part of Mr. Budak to present a jury question. There is evidence in the record that he had serious doubts as to the truth of the allegations in the article he wrote: this is sufficient to meet the first prong of the actual malice test — i.e., that he acted with reckless disregard for the truth. Jackson at ¶ 10. And I believe the testimony of her physician regarding the exacerbation of her mental and physical distresses consequent upon publication of the article was also sufficient to require resolution by the jury.
 {¶ 116} I respectfully dissent. *Page 1